452 A.2d 1346

**COMMONWEALTH of Pennsylvania**

v.

**Tyrone M. GARDNER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 18, 1982.

Decided Dec. 10, 1982.

Thomas F. Reilly, Philadelphia (court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Ronald Eisenberg, Asst. Dist. Attys., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In this appeal from the denial of post-conviction relief, appellant, Tyrone Gardner, contends that he should be permitted to withdraw a plea of guilty to murder entered in 1974 because his trial counsel provided ineffective assistance. We reject appellant's contention and affirm.

Appellant was charged with three counts of criminal homicide: murder generally, voluntary manslaughter, and involuntary manslaughter. On May 10, 1974, appellant entered a negotiated plea of guilty to count one, which charged appellant with murder generally. Pursuant to the agreement, the Commonwealth agreed to nol pros two charges based on firearms violations and to certify that the homicide would rise no higher than murder of the second degree.[1]

---

1. The killing was committed on September 13, 1973, at a time when the Crimes Code defined murder of the second degree as "all other kinds of murder" not encompassed within the definition of murder of the first degree. 18 Pa.C.S.A. § 2502 (1973). Under the revised

After an on-the-record colloquy, the court accepted appellant's plea and, in accordance with the Commonwealth's recommendation, sentenced appellant to a term of imprisonment of not less than six nor more than twenty years. Appellant did not file a direct appeal. On April 12, 1977, appellant filed a PCHA petition. After an evidentiary hearing, the petition was denied and this appeal followed.

Appellant contends that he is entitled to withdraw his guilty plea and stand trial on the ground that counsel's ineffectiveness resulted in the entry of an uninformed plea of guilty. Although the court explained to appellant that he had the right to be tried by twelve individuals and that a jury's verdict of guilty would have to be unanimous, the court did not inform appellant that he had the right to participate in jury selection or that a jury would be selected from the community. See *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973).

In evaluating appellant's claim of ineffectiveness we are governed by the standard set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967):

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest. The test is *not* whether alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis."

427 Pa. at 604–05, 235 A.2d at 352–53 (emphasis in original). At the evidentiary hearing on appellant's PCHA petition, trial counsel explained that he had not objected to the guilty-plea colloquy because, prior to the colloquy, he had

Crimes Code, now in effect, murder of the second degree includes only felony-murder; "all other kinds" are graded as murder of the third degree. 18 Pa.C.S. § 2502.

twice informed appellant of the rights not mentioned by the trial court:

"I explained to him what a jury trial involved, that it involved picking a jury, that he would aid me in picking the jury, that the jury was chosen from the community, that it was a jury of twelve of his peers, that each and every one of them would have to be convinced beyond a reasonable doubt before they could enter a finding of guilty."

In light of trial counsel's testimony that he informed appellant of his rights, the record supports the PCHA court's determination that counsel's failure to object did not constitute ineffective assistance.[2]

Appellant also contends that trial counsel was ineffective for failing to request the court to define voluntary manslaughter during the guilty-plea colloquy and for failing to argue that appellant's degree of guilt rose no higher than voluntary manslaughter. Because appellant entered a negotiated plea of guilty to the charge of murder, it was unnecessary that the court explain the elements of voluntary manslaughter. Similarly, any attempt by trial counsel to argue for the lesser charge of voluntary manslaughter would have been incompatible with the plea. Hence, counsel's actions did not constitute ineffective assistance. See *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974) (trial counsel not ineffective for failing to raise baseless claim); *Commonwealth ex rel. Washington v. Maroney,* supra.

Order of the Court of Common Pleas of Philadelphia affirmed.

LARSEN, J., concurs in the result.

2. In a related claim, appellant asserts that counsel was ineffective for failing to inform appellant of his right to file a motion to withdraw his guilty plea. However, in 1974, when appellant's plea was entered, the failure to file a petition to withdraw a guilty plea did not preclude the right to challenge the plea on appeal. See *Commonwealth v. Lee,* 460 Pa. 324, 327 n. *, 333 A.2d 749, 750 n. * (1975). In addition, appellant has failed to show how the alleged ineffectiveness in any respect caused his failure to exercise his right to take a direct appeal, a right of which appellant had been fully apprised by the trial court.