732 A.2d 582

COMMONWEALTH of Pennsylvania, Appellee,

v.

Orville ALLEN, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 8, 1997.

Decided May 25, 1999.

136

138

Foster A. Stewart, for Orville Allen.

Robert Cilville, Claire C. Capristo, Michael W. Streily, for Commonwealth.

Before FLAHERTY, Jr., C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, and SAYLOR, JJ.

## OPINION

CASTILLE, Justice.

The issue before this Court is whether a "miscarriage of justice" occurred which would warrant relief on a repetitive Post Conviction Relief Act[1] ("PCRA") petition, where the guilty plea colloquy failed to reflect on the record that the defendant was made aware of the possibility of imposition of consecutive sentences. We find that both the heavy burden of proof for an ineffective assistance of counsel claim in the context of a repetitive PCRA petition and the prevailing legal standard for withdrawing a guilty plea preclude the finding of a miscarriage of justice under such circumstances.

The facts relevant to this appeal are as follows: In December of 1984, appellant was charged with eight counts of burglary and two counts of receiving stolen property for breaking into several private residences and stealing jewelry, stereos, and television sets. He pled guilty to all counts and was sentenced to eight consecutive 2½ to 10 year sentences, for an aggregate sentence of twenty to eighty years' imprisonment.[2]

1. 42 Pa.C.S. §§ 9541–9551.

2. The transcript of the guilty plea colloquy reflects that the trial court informed appellant of the consequences of pleading guilty, including his

Appellant filed a motion to modify sentence, which the trial court denied. Appellant obtained new counsel, the public defender's office, and appealed to the Superior Court, alleging that the trial court abused its discretion by imposing an excessive and unconstitutional sentence. The Superior Court affirmed the judgment of sentence.[3]

While his appeal was pending before the Superior Court, on August 7, 1985, appellant filed a *pro se* petition under the Post Conviction Hearing Act ("PCHA," now the Post Conviction Relief Act, or "PCRA")[4] alleging ineffective assistance of trial counsel and that he was unlawfully induced to enter his guilty plea.[5] The PCHA court took no action on this petition since appellant's direct appeal was still pending.

On February 23, 1987, appellant filed an amended *pro se* petition under the PCHA, alleging that trial counsel was ineffective for, *inter alia*, leading him to believe that he would "surely" receive a concurrent sentence of no more than three years for each burglary count and for informing him that if he went to trial, he would "surely" receive a sentence of 50 to 100 years' imprisonment. Counsel was appointed to represent appellant.[6] The PCHA court held an evidentiary hearing on July 18, 1991, during which appellant was the only witness offered to testify.[7] The PCHA court denied the petition and the Superior Court affirmed.

limited grounds for appeal and the fact that if the offenses with which he was charged did not require a mandatory sentence under statutory law, the court was not bound by the sentencing guidelines and could deviate from the guidelines.

3. A Petition for Allowance of Appeal to this Court was discontinued at appellant's request.

4. The Post Conviction Hearing Act (PCHA) was the predecessor statute to the PCRA. The Legislature amended and replaced the PCHA when it enacted the PCRA on April 13, 1988.

5. Appellant made only bare allegations and did not elaborate on these claims.

6. Initially, the public defender was appointed to represent appellant, but later withdrew due to a conflict of interest. Thereafter, private counsel was appointed.

7. At the PCHA hearing, the attorney for the Commonwealth informed the court that appellant filed an amendment to his post-conviction

Appellant, represented by new PCRA counsel (his fourth attorney), filed a second PCRA petition on November 22, 1994, alleging that his guilty plea was unlawful because he was not advised during the colloquy that he could be subject to consecutive sentences. Appellant further alleged that all prior counsel were ineffective for failing to raise this claim. The PCRA court denied the petition following a hearing.[8] The PCRA court noted that although the transcript of the guilty plea colloquy did not reflect on the record that appellant was advised that the sentences could be imposed consecutively, the transcript of the July 18, 1991 PCHA hearing reflected that appellant was, in fact, aware that he could have received consecutive sentences.[9] The Superior Court affirmed.[10]

This Court has held that a second or subsequent petition for post-conviction relief will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Lawson*, 519 Pa. 504, 513, 549 A.2d 107, 112 (1988). Appellant

petition to include allegations of ineffective assistance against his appellate counsel, the public defender's office, for failing to raise the ineffectiveness of trial counsel. No such amended petition is included in the record before this Court.

8. The hearing on the second PCRA petition consisted of oral arguments by the attorneys. No testimony was elicited. However, appellant's PCRA counsel entered into evidence the transcript of the guilty plea colloquy and appellant's testimony from the July 18, 1991 hearing on this first PCHA petition.

9. In reaching this conclusion, the PCRA court pointed to an exchange between appellate counsel and appellant during the July 18, 1991 PCHA hearing in which, according to the reasoning of the PCRA court, appellant acknowledged an understanding of what concurrent sentences were. The exchange was as follows:

Q: You will get a concurrent sentence on all charges?
A: Yes, one big sentence.

From this, the PCRA court concluded that petitioner must have necessarily understood the meaning of consecutive sentencing since he understood the meaning of concurrent sentencing.

10. The Superior Court determined that the record failed to reflect that appellant was made aware of the potential for consecutive sentences; however, the Superior Court also determined that appellant had not met his burden of demonstrating that he was entitled to relief on his second PCRA petition.

makes a prima facie showing of entitlement to relief only if he demonstrates either that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged. *Commonwealth v. Szuchon,* 534 Pa. 483, 487, 633 A.2d 1098, 1100 (1993). Here, appellant failed to argue that he was innocent of the crimes to which he pled guilty.[11] Rather, the Superior Court affirmed the PCRA court's denial of the petition on the basis of its finding that appellant failed to demonstrate a "miscarriage of justice which no civilized society can tolerate." Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. *Commonwealth v. Jermyn,* 551 Pa. 96, 709 A.2d 849, 856 (1998).

■ In order to be eligible for relief under any PCRA petition, an appellant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the factors enumerated at 42 Pa.C.S. § 9543(a)(2),[12] that the issues he raised have not been previ-

11. The PCRA was amended in 1995 to incorporate the standard set forth in *Szuchon* that a defendant demonstrate that he was innocent in order to withdraw a guilty plea. Section 9543(a)(2)(iii) now provides that a petitioner prove that a guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent."

12. Appellant filed his PCRA petition before the 1995 and 1997 amendments to the PCRA took effect. At the time that appellant filed his PCRA petition, section 9543(a)(2) provided that appellant would be entitled to PCRA relief if his conviction or sentence resulted from the following:

(i) A violation of the Constitution of Pennsylvania or laws of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty.

ously litigated,[13] and that the claims have not been waived.[14] *Commonwealth v. Travaglia*, 541 Pa. 108, 117, 661 A.2d 352, 356, (1995) *cert. denied*, 516 U.S. 1121, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996); 42 Pa.C.S. § 9543(a)(3).

■■■ Here, we note that appellant's claim under his second PCRA petition is technically waived for failure to raise it on direct appeal or in his first PCRA petition. However, waiver of a previously unlitigated issue is excused under 42 Pa.C.S. § 9543(a)(3)(iii) where the petitioner can demonstrate that his trial or appellate counsel was ineffective. *Commonwealth v. Christy*, 540 Pa. 192, 201–202, 656 A.2d 877 (1995), *cert. denied*, 516 U.S. 872, 116 S.Ct. 194, 133 L.Ed.2d 130 (1995). Although a claim of ineffectiveness must be raised at the earliest possible stage in which the allegedly ineffective counsel no longer represents the petitioner, *Commonwealth v. Griffin*, 537 Pa. 447, 454, 644 A.2d 1167, 1170 (1994), a claim of ineffectiveness will not be deemed waived where the petitioner has layered the claim by alleging the ineffectiveness of all prior counsel for failing to pursue the claim. *Commonwealth*

(iv) The improper obstruction by Commonwealth officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
(v) A violation of the provisions of the Constitution, law or treaties of the United States which would require the granting of Federal habeas corpus relief to a State prisoner.
(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced.
(vii) The imposition of a sentence greater than the lawful maximum.
(viii) A proceeding in a tribunal without jurisdiction.

13. Prior to the 1995 amendments, an issue was deemed previously litigated when it had been raised in the trial court, the trial court ruled on the merits of the issue and the petitioner did not appeal; or the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or the issue had been raised and decided in a proceeding collaterally attacking the conviction or sentence. 42 Pa.C.S. § 9544(a)(1),(2) and (3).

14. Prior to the 1995 amendments, an issue was deemed waived if the petitioner failed to raise it and "it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted or in a prior proceeding actually conducted or in a prior proceeding actually initiated under this subchapter." 42 Pa.C.S. § 9544(b).

*v. Morales,* 549 Pa. 400, 409, 701 A.2d 516, 520 (1997). Here, appellant properly layered his ineffectiveness claims in his second PCRA petition by alleging the ineffectiveness of all prior counsel.

In order to prevail on an ineffectiveness claim, appellant must demonstrate that: (1) his claims are of arguable merit, (2) counsel had no reasonable basis for his actions, and (3) counsel's actions prejudiced appellant. *Commonwealth v. Pierce,* 515 Pa. 153, 158, 527 A.2d 973, 975 (1987).[15] Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. *Commonwealth v. Frometa,* 520 Pa. 552, 554, 555 A.2d 92, 93 (1989). In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea. *Commonwealth v. Schultz,* 505 Pa. 188, 192, 477 A.2d 1328, 1330 (1984).

Here, appellant claims that trial counsel was ineffective under *Commonwealth v. Persinger,* 532 Pa. 317, 615 A.2d 1305 (1992) for failing to petition to withdraw his guilty plea after the trial court failed to inform appellant on the record during the guilty plea colloquy of the meaning and possibility of receiving consecutive sentences. He alleges that all prior counsel were, therefore, ineffective for failing to raise trial

15. Further, when the allegations of ineffectiveness arise within the context of a PCRA petition, the PCRA provides that the ineffectiveness must have so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). In the recent case of *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326 (1999) (Zappala, J., concurring, Castille, J., concurring separately), this Court defined the standard for demonstrating ineffectiveness under the PCRA. In *Kimball,* a majority of this Court held that, in order to demonstrate that ineffective assistance of counsel so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place, an appellant must show that but for counsel's ineffective representation, there is a reasonable probability that the outcome of the proceeding would have been different. Thus, pursuant to *Kimball,* the PCRA does not create a heightened standard for claims of ineffective assistance of counsel than the standard employed for those claims on direct appeal.

counsel's ineffectiveness. However, we find that appellant has failed to demonstrate under the PCRA that any of his counsel were ineffective for failing to pursue this claim or a petition to withdraw the guilty plea.

In *Commonwealth v. Persinger*, the defendant alleged that his counsel was ineffective for failing to file a motion to withdraw his guilty plea after he was not informed that his sentences could be imposed consecutively. This Court determined that the guilty plea colloquy was defective and that the plea was not knowingly and intelligently entered because the plea transcript failed to reflect that the defendant had been informed that consecutive sentences could be imposed for his multiple convictions. The record revealed that the defendant had been informed by the court only as to the permissible range of sentence for each offense, but not that the sentences could be imposed consecutively. Thus, this Court held that a defendant must be informed that consecutive sentences could be imposed in order for a plea to be deemed voluntarily, knowingly and intelligently entered.[16]

It is crucial to note that *Persinger* was decided on the defendant's *direct* appeal. Thus, unlike appellant herein, the appellant in *Persinger* was not subject to the strict burden of proof required for relief under a second PCRA petition. Here, because appellant's ineffectiveness claims are raised in the context of his second PCRA petition, appellant must make a strong prima facie showing which demonstrates that a miscarriage of justice has taken place which no civilized society could tolerate, in order to be entitled to relief. *Lawson*, 519 Pa. at 513, 549 A.2d at 112.

Appellant has failed to make any such showing. Rather, appellant asks this Court to create a *per se* rule which **presumes** that a miscarriage of justice has taken place whenever a plea colloquy does not contain a record of the trial court

16. Significantly, although there was no evidentiary hearing conducted in *Persinger*, this Court specifically noted that *"neither defense counsel nor the court explained to appellant that the sentences could result in consecutive terms of imprisonment." Id.* at 322 n. 4, 615 A.2d at 1308 n. 4 (emphasis added).

specifically informing a defendant about the possibility of consecutive sentences. For purposes of a second PCRA petition, we cannot assume that a miscarriage of justice occurs merely because the record does not indicate that the plea colloquy informed appellant of the possibility for consecutive sentences.

■ Persinger involved circumstances where neither defense counsel nor the trial court advised the appellant of the possibility of consecutive sentences before the appellant entered his plea. See note 14, supra. Thus, in Persinger, the defendant's actual knowledge at the time of the guilty plea was the crucial factor in determining the propriety of a guilty plea.[17]

■ To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea. The concept of examining the totality of the circumstances surrounding a plea in order to determine whether a plea was voluntarily, knowingly, and intelligently entered, is well established.[18] See, *e.g.*, *Commonwealth v. Schultz*, 505 Pa. 188, 192, 477 A.2d 1328, 1330 (1984) (on direct appeal from denial of a motion to withdraw a guilty plea, this Court held that, in determining whether a guilty plea has been

17. The purpose behind the stricter standard for second PCRA petitions is so that persons convicted of a crime cannot exploit the ineffective assistance of counsel claim as a ploy to destroy the finality of judgments fairly reached. *Lawson*, 519 Pa. at 513, 549 A.2d at 112. The *Lawson* holding came in response to courts allowing prisoners to bring multiple PCRA claims alleging ineffective assistance of counsel, resulting in "abuse by prisoners, a waste of the precious and limited resources available for the criminal process, and public disrespect for the judgments of criminal courts." *Lawson*, 519 Pa. at 513, 549 A.2d at 111 (quoting *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981)). To presume that a miscarriage of justice has occurred in the matter *sub judice* would be to ignore the holding and purpose behind *Lawson* and reopen the door for such abuses.

18. Ideally, the trial court should inform the defendant, on the record during the guilty plea colloquy, of the likelihood and ramifications of the imposition of consecutive sentences. Such a practice would help to conserve judicial resources and avoid the need for evidentiary hearings where the parties introduce other evidence to demonstrate what actual knowledge a defendant possessed at the time of the plea.

voluntarily, knowingly and intelligently entered, courts look to the totality of the circumstances surrounding the plea). Indeed, as the law makes clear, a trial court may consider a wide array of relevant evidence under this standard in order to determine the validity of a claim and plea agreement including, but not limited to, transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements.

In *Commonwealth v. Gardner*, 499 Pa. 263, 452 A.2d 1346 (1982), in the context of a PCHA appeal, this Court examined not only the oral and written plea colloquy, but also the off-the-record communications between defendant and counsel in order to determine whether, prior to the entry of his guilty plea to murder, the defendant was informed of his right to participate in the selection of a jury from the community. The defendant had not been so informed on the record, but at the evidentiary hearing on the PCHA petition, trial counsel explained that he had not objected to the guilty plea colloquy because, prior to the colloquy, he had twice informed the defendant of the right not mentioned by the trial court on the record. Thus, as Gardner makes clear, evidence other than the record of the actual plea colloquy, such as off-the-record communications between attorney and client, can be relevant to the question of whether a guilty plea was voluntarily, knowingly, and intelligently entered. See also *Commonwealth v. Smith*, 498 Pa. 661, 450 A.2d 973 (1982) (in the context of a direct appeal, notwithstanding that record colloquy omitted an explanation of the requirement of jury unanimity and defendant's right to participate in jury selection, this Court found that a written form signed by the defendant included the neglected requirements and cured the defective colloquy); *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982) (in context of direct appeal, this Court held that knowledge by the defendant of the nature and consequences of a plea of guilty may be found from the totality of the circumstances and is not limited to direct instruction by the court; no manifest injustice was found where the sole alleged injustice is the failure of the

trial court to explain the elements of the crimes to which petitioner pled guilty).[19]

Finally, the United States Supreme Court recently held that a district court's failure to advise the appellant of his right to appeal his sentence did not entitle the appellant to collateral relief where the appellant possessed independent knowledge of the right. *Peguero v. United States*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999). In *Peguero*, the appellant pleaded guilty to conspiracy to distribute cocaine. The trial court sentenced the defendant to 274 months imprisonment. Four years after being sentenced, the appellant filed a *pro se* motion seeking to set aside his conviction and sentence on the ground that the trial court had not informed him at the time of the imposition of sentence of his right to appeal. At the evidentiary hearing on the matter, the appellant testified that, upon being sentenced, he at once asked his lawyer to file an appeal. The attorney testified that the appellant informed him that he did not want to take an appeal because he hoped to cooperate with the government and earn a sentence reduction.

The United States Supreme Court noted that the district court's failure to inform the appellant of his right to appeal was in error. However, the Court stated that: "Our precedents establish, as a general rule, that a court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is

19. In this vein, we are further persuaded by the Superior Court's decision in *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000 (1996), *alloc. denied*, 549 Pa. 716, 701 A.2d 577 (1997), in which the court looked beyond the plea colloquy and reviewed testimony from the defendant's PCRA hearing which indicated that counsel informed the defendant of the possibility of consecutive sentences. Although the recorded guilty plea colloquy did not inform the defendant that consecutive sentences could be imposed, the Superior Court properly refrained from concluding that the plea was invalid. The Superior Court examined the totality of the circumstances surrounding the plea and held that if there was an omission or defect in the guilty plea colloquy, the guilty plea would not be deemed invalid if the defendant fully understood, from whatever source, the nature and consequences of his plea and then voluntarily and knowingly decided to plead guilty. *Id.* at 438, 685 A.2d at 1004–05. We find the Superior Court's reasoning in *Yager* to be sound and hereby adopt it.

prejudiced by the error." *Id.* 119 S.Ct. at 964. The Court concluded that, because the appellant had *full knowledge* of his right to appeal, the district court's failure to inform him of his appellate rights had not prejudiced him and, therefore, he was not entitled to habeas corpus relief. *Id.* 119 S.Ct. at 964–65.

Here, appellant offered portions of the record which demonstrated that the trial court failed to advise him during the guilty plea colloquy that his sentences could be consecutive in addition to his own testimony. Thus, one of the threshold inquiries the PCRA court had to make was whether appellant's testimony concerning his alleged lack of knowledge of the possibility for the imposition of consecutive sentences prior to the entry of the guilty plea was credible. The PCRA court found that appellant was not credible.

The PCRA court's finding that appellant was aware that the sentences could be consecutive was supported by the fact that appellant's earlier PCRA petition in this matter challenged trial counsel's performance in convincing appellant to enter the pleas. As part of his claim, appellant asserted that counsel represented to him that he could receive a sentence in the neighborhood of fifty to one-hundred years in prison if he went to trial, but that if he pleaded guilty, counsel stated that he would see "that I get no more than two-and-a-half to five no more than 10 to 20, all concurrent." Transcript of PCHA hearing, dated July 18, 1991, at 10. See also note 8, supra. Based on this testimony at the previous post-conviction petition, the PCRA court was justified in inferring that appellant understood the meaning and possibility of consecutive sentences since obviously a fifty year minimum sentence would have to be consecutive since the maximum minimum sentence for any of the crimes charged was far less than the fifty year minimum. Thus, the record casts doubt upon appellant's claim that he was the victim of a miscarriage of justice, as is required for a court to entertain the merits of a second PCRA petition under Lawson.

██ Therefore, we hold that a trial court's failure to inform a defendant of the possibility of consecutive sentences during a plea colloquy does not automatically amount to a "miscarriage of justice which no civilized society could tolerate" for purposes of a second PCRA petition. Rather, a court shall look at the totality of the circumstances surrounding the plea to determine whether relief is warranted under the PCRA.

For the aforementioned reasons, we affirm the order denying post-conviction relief.

Justice NIGRO files a dissenting opinion in which Chief Justice FLAHERTY joins.

Justice SAYLOR files a dissenting opinion.

NIGRO, Justice, dissenting.

The trial court failed to inform Appellant during his guilty plea colloquy of either the nature of consecutive sentences or the possibility that the sentences that he received could be imposed consecutively. Appellant's counsel compounded the trial court's error by failing to move to withdraw his guilty plea based on the defect in the guilty plea colloquy. The Majority acknowledges the fact, as it must, that Appellant's guilty plea colloquy suffered from the same defect that was present in *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992).[1] Nevertheless, the Majority concludes that Ap-

1. In the sixteenth footnote of its opinion the Majority attempts to distinguish *Persinger* by suggesting that while Appellant merely alleges that his plea counsel failed to inform him of the permissible range of sentences that could be imposed against him, the defendant in *Persinger* somehow proved to the Court that his plea counsel failed to inform him of the permissible range of sentences that could be imposed against him. However, in my view, the *Persinger* decision was based on the failure of the trial court to clearly inform the defendant, **on the record**, of the possibility that he could receive consecutive sentences. Therefore, whether or not counsel informs a defendant, off the record, of the possibility that he could receive consecutive sentences is of no moment for purposes of a *Persinger* claim. Nevertheless, in *Persinger*, as in the instant case, there was no evidentiary hearing conducted at which the defendant's plea counsel would have testified as to what he told or failed to tell the defendant prior to the entry of his guilty plea. In

pellant is not entitled to relief based on ineffective assistance of counsel because his underlying claim of a violation of *Persinger* does not amount to a "miscarriage of justice" for purposes of a second Post Conviction Relief Act[2] ("PCRA") petition. Because I believe that a violation of *Persinger* does constitute a "miscarriage of justice", I respectfully dissent.

In *Persinger*, the defendant claimed that he was rendered ineffective assistance of counsel by virtue of counsel's failure to file a motion to withdraw his guilty plea after the trial court failed to inform him during his plea colloquy of the possibility that his sentences could be imposed consecutively. *Id.* at 320, 615 A.2d at 1306–07. In considering the merits of the claim, the Court noted that "[t]he goal sought to be attained by the guilty plea colloquy is assurance that a defendant's guilty plea is tendered knowingly, intelligently, voluntarily and under-standingly." *Id.* at 323, 615 A.2d at 1308. The Court then reiterated its long-standing position that a trial court's failure to fully colloquize a defendant concerning the permissible range of sentences for the offenses to which he is pleading guilty renders the colloquy defective and requires that the defendant be permitted to withdraw his guilty plea. *Id.* at 321, 615 A.2d at 1307 (citing *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978); *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977); *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976)). Because the defect in the defendant's plea colloquy provided ample grounds for a withdrawal

addition, in *Persinger*, as in the instant case, the transcript offered no indication that either the court or the defendant's counsel had actually informed him of either the nature of consecutive sentences or of the possibility that his sentences could be imposed consecutively. There-fore, when the Court in *Persinger* noted that "defense counsel [had not] explained to appellant that the sentences could result in consecutive terms of imprisonment," I can only assume that it did so in reliance on the absence of any indication to the contrary on the record, and on the veracity of the defendant's allegations. *Persinger*, 532 Pa. at 322 n. 4, 615 A.2d at 1307 n. 4. Finally, since the Majority appears to conclude that Appellant is not entitled to relief because he has failed to prove that his prior counsel did not inform him of the possibility that he might receive consecutive sentences, then I would at least permit Appellant to question his prior counsel concerning that allegation at an evidentiary hearing.

2. 42 Pa.C.S. § 9541–9551.

152

of the plea, the Court found that the defendant's counsel could have had no reasonable basis for failing to move to withdraw the plea. *Id.* at 324, 615 A.2d at 1308. Therefore, the Court found that the defendant's counsel had been ineffective for failing to move to withdraw the guilty plea, and remanded the case for a new trial. *Id.*

Based on the language and the rationale of *Persinger,* I can not agree that Appellant has failed to make a prima facie showing that a miscarriage of justice occurred as a result of the trial court's failure to ensure that he was made aware of the permissible range of sentences which could be imposed upon him prior to the entry of his guilty plea. In *Persinger,* the Court held that the defendant had suffered a "manifest injustice" as a result of the trial court's failure to properly colloquize him before he entered his guilty plea. *Persinger,* 532 Pa. at 324, 615 A.2d at 1308. In addition, the Court in *Persinger* stated that "no civilized society could tolerate" accepting a guilty plea following a defective plea colloquy which failed to ensure that the defendant was aware of the permissible range of sentences that could be imposed against him. *Id.* at 322, 615 A.2d at 1307 (quoting *Commonwealth v. Kulp,* 476 Pa. at 361, 382 A.2d at 1211). Similarly, the *Lawson* Court characterized the "miscarriage of justice" standard applicable to second and subsequent PCRA petitions as one "which no civilized society can tolerate." *Lawson,* 519 Pa. at 514, 549 A.2d at 112. Given this similarity in language, I can not agree that a violation of *Persinger* amounts to a "manifest injustice" but not a "miscarriage of justice." In my view, the standards enunciated by the *Lawson* and *Persinger* Courts are fundamentally the same, any difference in phraseology amounting only to a distinction without a difference.

In addition, the Court's decision in *Persinger* was based on the notion that a manifest injustice is committed whenever a trial court permits a defendant to enter a guilty plea without first ensuring that the defendant fully appreciates the significance and consequences of his guilty plea, including the potential consecutive sentences that he faces as a result of his decision to plead guilty to multiple offenses. *Persinger,* 532

Pa. at 324, 615 A.2d at 1308. Rule 319 of the Pennsylvania Rules of Criminal Procedure ("Pa.R.Crim.P.319") was promulgated with the same notion in mind. The comments to Pa.R.Crim.P. 319 explain that a defendant should not be permitted to plead guilty to criminal charges leveled against him unless the trial court first ensures, through a full and fair colloquy, that he has been made aware of all of the potential consequences of his decision. Pa. R.Crim.P. 319 (comment). In effect, the Majority's decision today turns the focus from the responsibility of the trial court to ensure that defendants are fully colloquized on the record prior to accepting their guilty pleas, to what those defendants might have known despite the trial courts' failure to conduct a complete colloquy before accepting their guilty pleas.

The courts clearly have a responsibility to ensure that the criminal defendants who appear before them know and understand their rights before they are permitted to abdicate them and plead guilty. By reaching the decision that it does today, the Majority minimizes the importance of that responsibility, and increases the risk that defendants will plead guilty without fully understanding the consequences of their actions. I respectfully dissent.

Chief Justice FLAHERTY joins in the dissenting opinion.

SAYLOR, Justice, dissenting.

I join the dissenting opinion authored by Mr. Justice Nigro. I write only to note my belief that the finality concerns underpinning the rule fashioned in *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988), are adequately addressed by the one-year filing limitation now incorporated into the Post Conviction Relief Act, *see* 42 Pa.C.S. § 9545, which was upheld by this Court in *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998). Thus, prospectively, it should be unnecessary, in the context of serial PCRA filings, to undertake the inherently vexing task of distinguishing between those prejudicial errors which undermine the reliability of a verdict and would require relief under the terms of the PCRA, and such

154

errors as can be said to have resulted in a miscarriage of justice.