J-S32040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| PRINCE DAVIS | |
| Appellant | No. 636 EDA 2016 |

Appeal from the PCRA Order February 5, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s):CP-51-CR-0000430-2010

BEFORE: GANTMAN, P.J., STABILE, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 07, 2017**

Appellant, Prince Davis, appeals from an order denying his first Post Conviction Relief Act[1] ("PCRA") petition. Appellant claims guilty plea counsel was ineffective for allowing him to enter his guilty plea without explaining the elements of the offenses and nature of the charges against him. We affirm.

At approximately 11:30 p.m. on June 28, 2009, Appellant shot Mr. Wilson on the 2600 block of South Muhlfield Street in Philadelphia. When police responded to the scene, they found Mr. Wilson with a gunshot wound to the head. He died shortly thereafter. N.T. Guilty Plea Hr'g, 3/4/13, at 16-17. On July 15, 2009, SEPTA police arrested Appellant for jumping over

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

the turnstile at a subway station. An officer searched Appellant and found a .380 caliber semiautomatic firearm. Forensic testing demonstrated that Appellant's firearm fired the bullet recovered from Wilson's body. In addition, two witnesses, Addo Tilmond and Austin Sneh, stated that Appellant told them he shot and killed Wilson. Thereafter, Appellant signed a confession. *Id.* at 18-19.

On March 4, 2013, following his completion of two written guilty plea colloquy forms and an oral colloquy by his counsel, Appellant entered a negotiated plea agreement to third-degree murder,[2] a charge the Commonwealth reduced from first-degree murder, and firearms violations.[3] The trial court accepted Appellant's plea and sentenced him to the negotiated sentence of twenty to forty years' imprisonment for third-degree murder and consecutive one-and-one-half to five year sentences for both firearms convictions. *Id.* at 26-32. Appellant did not file a direct appeal.

On February 24, 2014, Appellant filed a *pro se* PCRA petition. On March 16, 2015, through counsel, Appellant filed an amended PCRA petition claiming that prior counsel was ineffective for failing to object during his guilty plea hearing to the trial court's failure to state the elements of the charges and the range of sentence for each offense on the record.

---

[2] 18 Pa.C.S. § 2502(c).

[3] 18 Pa.C.S. §§ 6106, 6108.

On January 7, 2016, the court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the amended PCRA petition without a hearing in twenty days. On February 5, 2016, the court entered an order dismissing the amended PCRA petition. Appellant timely appealed, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises one issue in this appeal:

> Whether the PCRA court violated [Pa.R.Crim.P. 907(1)] by summarily dismissing [A]ppellant's PCRA petition without [an] evidentiary hearing, where there was a genuine issue of material fact as to whether [A]ppellant was informed by his guilty plea hearing attorney of the elements and nature of the charges against him and the permissible ranges of sentences and/or fines for the offenses charged, in light of their omission on the record, so as to preclude [Appellant] from having made a knowing, intelligent and voluntary plea?

Appellant's Brief at 5.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted). When a PCRA petitioner alleges ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) the petitioner was prejudiced by counsel's action or omission. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). A claim of ineffective assistance of counsel will

- 3 -

fail if the petitioner does not meet any of the three prongs. ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). "The burden of proving ineffectiveness rests with [a]ppellant." ***Commonwealth v. Rega***, 933 A.2d 997, 1018 (Pa. 2007) (citation omitted).

To prove ineffective assistance of defense counsel during guilty plea proceedings,

> the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. ***See, e.g.,*** [***Commonwealth v. Allen***, 732 A.2d 582, 587 (Pa. 1999)] ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea").

***Commonwealth v. Flanagan***, 854 A.2d 489, 502 (Pa. 2004) (some citations omitted). This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea. ***Id.***

Appellant contends that guilty plea counsel was ineffective for failing to object to the trial court's failure to define the elements of Appellant's crimes on the record or the permissible range of sentences for each offense. A valid guilty plea colloquy must delve into six areas: (1) the nature of the charges, (2) the factual basis for the plea, (3) the right to a jury trial, (4) the presumption of innocence, (5) the maximum sentencing ranges, and (6) the plea court's power to deviate from any recommended sentence. ***See***

- 4 -

Comment, Pa.R.Crim.P. 590(A)(2); *Flanagan*, 854 A.2d at 500. A guilty plea must be knowing, voluntary and intelligent in order to be constitutional. *See Henderson v. Morgan*, 426 U.S. 637, 644-45 (1976).

The failure to mention an element of the charged offense during a guilty plea colloquy does not automatically invalidate the plea. The United States Supreme Court has instructed that

> [i]nstead of testing the voluntariness of a plea by determining whether a ritualistic litany of the formal legal elements of an offense was read to the defendant, . . . the court should examine the totality of the circumstances and determine whether the substance of the charge, as opposed to its technical elements, was conveyed to the accused.

*Id.*, 426 U.S. at 644.

Pennsylvania courts have repeatedly followed the same principle. In *Commonwealth v. Shaffer*, 446 A.2d 591 (Pa. 1982), our Supreme Court cited *Henderson's* presumption and observed: "So also may we presume that, absent an assertion that appellant did not understand the nature of the crimes, counsel explained the nature of the offense in sufficient detail to give him notice of that which he admits by entering a plea of guilty." *Shaffer*, 446 A.2d at 595. *Shaffer* noted with approval *Henderson's* directive that "the validity of a plea may be determined from the 'totality of the circumstances' attendant upon the entry of the plea." *Id.* (citing *Henderson*, 426 U.S. at 644). Justice McDermott concurred, commenting that attacks on guilty plea colloquies are "all too often . . . used to disguise

with legalistic formalism, what is, in essence, an attempt to obtain a new trial as relief from the sting of a jail sentence." **Shaffer**, 446 A.2d at 598 n.1.

In **Commonwealth v. Gardner**, 452 A.2d 1346 (Pa. 1982), a PCHA decision entered shortly after **Shaffer**, the defendant contended that counsel was ineffective for permitting him to enter a guilty plea when the trial court neglected to inform him of his right to participate in jury selection. **Gardner**, 452 A.2d at 1346-47. Our Supreme Court examined not only the oral and written plea colloquy, but also the off-the-record communications between the defendant and counsel, to determine whether the defendant was informed of this right prior to his guilty plea. **Id.** at 1347. The defendant had not been so informed on the record, but at the evidentiary hearing on the PCHA petition, trial counsel explained that he had not objected to the guilty plea colloquy because, prior to the colloquy, he had twice informed the defendant of the right not mentioned by the trial court on the record. **Id.** Based on this record, the Supreme Court held that trial counsel did not provide ineffective assistance and affirmed the denial of PCHA relief. **Id.** **Gardner** makes clear that evidence other than the record of the actual plea colloquy, such as off-the-record communications between

attorney and client, can be relevant to the question of whether the defendant voluntarily, knowingly, and intelligently entered his guilty plea.[4]

It also is crucial to observe that the defendant "has a duty to answer questions truthfully" when pleading guilty. *Commonwealth v. Blackwell*, 647 A.2d 915, 924 n.15 (Pa. Super. 1994), *abrogation on other grounds recognized*, *Commonwealth v. Taylor*, 65 A.3d 462, 467 n.4 (Pa. Super. 2013). The defendant is bound by his statements during a plea colloquy and cannot seek to withdraw the plea on grounds that contradict his statements during the plea. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (citation omitted). Omissions in the oral colloquy may be

---

[4] *See also Commonwealth v. Fears*, 836 A.2d 52, 64 (Pa. 2003) (citation omitted) (to determine voluntariness of guilty plea, "trial court may consider a wide array of relevant evidence under this standard including, but not limited to, transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements"); *Commonwealth v. Schultz*, 477 A.2d 1328, 1329-30 (Pa. 1984) (defendant could not withdraw guilty plea for robbery despite trial court's failure to inform him during his guilty plea colloquy that theft was an element of robbery, where defendant was aware of the nature of the charges based on "overwhelming" evidence outlined during guilty plea colloquy as well as fact that he had three prior robbery convictions); *Commonwealth v. Martinez*, 453 A.2d 940, 942-43 (Pa. 1982) (where defendant pled guilty to third degree murder and robbery, but there was "no recitation of the elements of the crimes" during the guilty plea colloquy, plea was voluntary and knowing because defendant was aware of nature of charges based on extensive evidence of guilt presented during the plea colloquy); *Commonwealth v. Yager*, 685 A.2d 1000, 1004-05 (Pa. Super. 1996) (although guilty plea colloquy did not inform defendant of possibility of consecutive sentences, totality of circumstances surrounding the plea demonstrated that defendant fully understood nature and consequences of his plea; defendant signed written guilty plea acknowledging that he discussed possible range of sentences with counsel, and counsel testified that he advised defendant of likelihood of consecutive sentences).

obviated by a written one signed by the defendant that states his awareness of the requirements. ***See Commonwealth v. Anthony***, 475 A.2d 1303, 1306-07 (Pa. 1984).

Here, the record belies Appellant's accusations that guilty plea counsel failed to inform him about the elements of his crimes or the permissible range of each sentence. Appellant signed two written colloquy forms which confirmed that he was informed about the elements of each offense and possible range of sentences. The first form stated that his attorney informed him of the elements of the crimes as well as his maximum sentence of fifty-two years and penalties. In the second form, Appellant affirmed that he "underst[oo]d the natures of the charges to which [he was] pleading guilty" and "[was] aware of the permissible range of sentences and/or fines for the offense(s) with which [he was] charged." Appellant also affirmed that he "knowingly, voluntarily, and intelligently ma[d]e this plea of Guilty." Appellant is bound by his statements in the written colloquies, ***see McCauley***, 797 A.2d at 922, and they obviate the omission of this information from Appellant's oral guilty plea colloquy. In short, the "totality of the circumstances" establishes that guilty plea counsel informed Appellant of the elements of the offenses and permissible range of each sentence. ***Shaffer***, 446 A.2d at 595.

For these reasons, the PCRA court correctly denied Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2017