J. S07041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                    v.          :
                                :
RANGEL VANGAS,                  : No. 3498 EDA 2016
                                :
                Appellant       :


Appeal from the PCRA Order, October 11, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0810731-1998


BEFORE:  BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 17, 2018**

Rangel Vangas ("appellant") appeals ***pro se*** from the order of the Court of Common Pleas of Philadelphia County that dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

The PCRA court set forth the following procedural history in its opinion filed January 25, 2017:

> On September 15, 2000, [appellant] was convicted of third-degree [murder] and attempted arson before the Honorable Jane Cutler Greenspan. On November 8, 2000, [appellant] was sentenced to a term of imprisonment of twenty (20) to forty (40)

years upon the third-degree murder conviction and a consecutive term of imprisonment of one year (1) to five (5) years upon the attempted arson conviction. [Appellant] did not file an appeal.

On March 22, 2001, [appellant] filed a ***pro se*** petition for post[-]conviction relief, requesting a ***nunc pro tunc*** direct appeal. On September 2, 2001, the trial court granted the petition and [appellant] appealed his judgment of sentence ***nunc pro tunc***. The Superior Court affirmed the judgment of sentence on June 26, 2002, and our Supreme Court denied appellant's petition for allowance of appeal on October 31, 2002.[Footnote 2]

> [Footnote 2] ***Commonwealth v. Vangas***, 806 A.2d 467 (Pa.Sup[er]. 2002) (unpublished memorandum), ***appeal denied***, 812 A.2d 1229 (Pa. 2002).

On October 29, 2003, [appellant] filed a ***pro se*** PCRA petition. Charles Peruto, Jr., Esquire[,] was appointed to represent him. Mr. Peruto filed an amended petition on July 27, 2004, and the Commonwealth filed a motion to dismiss on November 9, 2004. After review on January 13, 2005, the trial court dismissed his PCRA petition. The Superior Court affirmed the dismissal on December 29, 2005, and the Supreme Court denied his petition for allowance of appeal on May 31, 2006.[Footnote 3]

> [Footnote 3] ***Commonwealth v. Vangas***, 894 A.2d 824 (Pa.Sup[er]. 2005) (unpublished memorandum[)], ***appeal denied***, 899 A.2d 1124 (Pa. 2006).

On August 18, 2015, [appellant] filed the instant ***pro se*** PCRA petition. In accordance with Pennsylvania Rule of Criminal Procedure 907, [appellant] was served notice of the PCRA court's

intention to dismiss his petition on June 11, 2016. [Appellant] submitted a response to the Rule 907 notice on July 7, 2016. On October 11, 2016, the PCRA court dismissed his PCRA petition as untimely.[Footnote 4] On October 18, 2016, the instant notice of appeal was timely filed to the Superior Court.[Footnote 5]

> [Footnote 4] The order was issued more than twenty days after [appellant] was served with notice of the forthcoming dismissal of his Post Conviction Relief Act petition. Pa.R.Crim.P. 907.
>
> [Footnote 5] As the trial judge is no longer sitting, the Honorable Leon W. Tucker issued the order and opinion in this matter in his capacity as Supervising Judge of the Criminal Section of the Court of Common Pleas of Philadelphia – Trial Division as of March 7, 2016.

Trial court opinion, 1/25/17 at 1-2.[1]

Appellant raises the following issues for this court's review:

1. Did the [PCRA c]ourt err in finding [appellant's] Petition for Post Conviction Relief [u]ntimely and lacking subject matter jurisdiction when the [trial c]ourt failed to transfer the matter construed as a Petition for Writ of Habeas Corpus to the proper jurisdiction of the Supreme Court of Pennsylvania under the premise of 42 Pa.C.S.A. § 6501 *et seq.*?

2. Did the [PCRA c]ourt err in denying [appellant] Post Conviction/Habeas Corpus Relief when [appellant] was sentenced to a redefined classification of 18 Pa.C.S.A. § 106(a)(1); (b)(1) allowing [m]urder of the

---

[1] The record reflects that the trial court did not order appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

> [t]hird[-]degree to be expanded beyond its constitutional limitation for which the Commonwealth retains no statutory authority to detain [appellant]?

Appellant's brief at 5 (extraneous emphasis omitted).

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong ***prima facie*** showing is offered to demonstrate that a miscarriage of justice may have occurred. ***Commonwealth v. Allen***, 732 A.2d 582, 586 (Pa. 1999). A ***prima facie*** showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. ***Id.*** at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. ***Commonwealth v. Jermyn***, 709 A.2d 849, 856 (Pa. 1998).
>
> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S.[A.] § 9543(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999). Accordingly, the "period for filing a PCRA petition can be extended only if the PCRA permits it to be extended, ***i.e.***, by operation of

- 4 -

one of the statutorily enumerated exceptions to the PCRA time-bar. *Id.* at 222.

*Commonwealth v. Ali*, 86 A.3d 173, 176-177 (Pa. 2014), *cert. denied*, 135 S.Ct. 707 (2014).  Before addressing appellant's issues on the merits, we must first determine if we have jurisdiction to do so.

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition.

In the instant case, the trial court sentenced appellant on November 8, 2000.  This court affirmed the judgment of sentence on June 26, 2002. *Commonwealth v. Vangas*, 806 A.2d 467 (Pa.Super. 2002) (unpublished memorandum).  Our supreme court denied appellant's petition for allowance of appeal on October 31, 2002.  *Commonwealth v. Vangas*, 812 A.2d 1229 (Pa. 2002).  Appellant's judgment of sentence became final on January 29, 2003, ninety days after the Pennsylvania Supreme Court denied appellant's petition, and the time for filing a writ of *certiorari* in the United States Supreme Court expired.  U.S. Sup. Ct. R. 13.  Appellant's current petition was filed on August 18, 2015, more than 11 years after a PCRA petition could be considered timely.  *See* 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement.  A petitioner may file a petition under the PCRA after one year has passed from the final judgment of sentence for any of the following reasons:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. *Id.* at § 9545(b)(2).

Here, appellant advances no argument that he meets one of the exceptions to the timeliness requirement. Instead, he argues that his petition should have been considered a writ of **habeas corpus**, and the trial court should have transferred the petition to the United States Supreme Court. As appellant has filed a facially untimely petition and has failed to plead and prove an exception to the timeliness requirement, this court lacks jurisdiction to hear his appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/17/18</u>