J-S39009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELIJAH MOORER, JR. | |
| Appellant | No. 1646 MDA 2017 |

Appeal from the PCRA Order September 21, 2017
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0000532-2013

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　　**FILED SEPTEMBER 18, 2018**

Appellant, Elijah Moorer, Jr., appeals from the September 21, 2017 order denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-46.  We affirm.

The record reveals that, on December 9, 2013, Appellant pled guilty to multiple counts of drug delivery and violations of the Uniform Firearms Act. On March 12, 2014, the trial court imposed 36 to 72 years of incarceration. On March 31, 2015, the trial court imposed the same term without relying on any mandatory minimums, thereby bringing the sentence into compliance with *Alleyne v. United States*, 133 S.Ct. 2151 (2013).  This Court affirmed the judgment of sentence on March 22, 2016.  Appellant filed a timely first *pro se*

PCRA petition on February 29, 2016.[1] He filed an amended, counseled petition on July 27, 2016. The PCRA court conducted a hearing on April 18, 2017 and subsequently entered the order before us. Appellant filed a timely notice of appeal. His sole argument is that the PCRA court erred in rejecting his claim that plea counsel was ineffective for not advising him to withdraw his guilty plea.

We apply the following scope and standard of review:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*).

Counsel is presumed effective, and the petitioner bears the burden of establishing otherwise. ***Commonwealth v. Dennis***, 17 A.3d 297, 301 (Pa. 2011). To prevail on a claim of ineffective assistance of counsel, the petitioner must establish by a preponderance of the evidence: (1) that the underlying issue is of arguable merit; (2) that counsel had no reasonable strategic basis for the action or inaction; and (3) that counsel's error was prejudicial such that there exists a reasonable probability that, but for the error, the outcome

---

[1] We observe that Appellant's *pro se* petition was premature.

of the proceeding would have been different. *Id.* A defendant has a right to effective assistance of counsel during the plea process:

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, '[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.'

*Commonwealth v. Wah*, 42 A.3d 335, 338–39 (Pa. Super. 2012) (quoting *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003), *appeal denied*, 860 A.2d 488 (Pa. 2004)). Here, Appellant argues that he did not enter a knowing, voluntary, intelligent plea because the plea colloquy lacked an adequate recitation of the facts. At a guilty plea hearing, the judge must ascertain, among other things, whether there is a factual basis for the plea. Pa.R.Crim.P. 590, comment.

At the PCRA hearing, plea counsel testified that Appellant did not want to go to trial. N.T. Hearing, 4/18/17, at 8, 17. Appellant rejected the Commonwealth's offer of 23 to 46 years of incarceration and instead entered an open plea. *Id.* at 17-18. As noted above, the trial court imposed a significantly longer sentence and counsel testified that she and Appellant were

very unhappy with the outcome of the open plea.[2] *Id.* at 11. She also testified that Appellant understood that he could receive a greater sentence than the Commonwealth offered. *Id.* at 12. Plea counsel testified that the written colloquy was extensive and that the criminal information was stapled to the written colloquy. *Id.* at 13-14, 18. The information listed the date, offense, grading, and a description of the location and circumstances of each offense. *Id.* at 19. Counsel had many discussions with Appellant, found him to be very smart, and was confident that he was aware of the factual allegations against him, both before and during the plea colloquy. *Id.* at 13-14, 17-21, 27.

Appellant acknowledges that a trial court may consider a variety of evidence, including off-the-record communications with counsel, in order to discern the validity of a plea. Appellant's Brief at 9 (citing ***Commonwealth v. Orville Allen***, 732 A.2d 582 (Pa. 1999)). Here, the PCRA court clearly

---

[2] We observe that the law governing a post-sentence motion to withdraw a guilty plea provides as follows:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Commonwealth v. Kehr***, 180 A.3d 754, 756–57 (Pa. Super. 2018) (quoting ***Commonwealth v. Broaden***, 980 A.3d 124 (Pa. Super. 2009)).

- 4 -

credited counsel's testimony that Appellant was aware of the factual basis for the plea. In this case, with dozens of charges pending against Appellant, the trial court did not engage in an on-the-record recitation of the facts supporting each count, nor did he elicit such an account from Appellant or either counsel. Rather, Appellant executed a written plea colloquy evincing his understanding of the facts supporting each of the many charges, and asked that the written colloquy be made a part of the record. N.T. Guilty Plea, 12/9/13, at 3. The written colloquy referenced and attached the criminal information. Appellant stated that counsel explained to him the elements of the offenses; that he had sufficient time to confer with counsel; and that he was satisfied with her representation. *Id.* at 4-5. He admitted that he committed all of the crimes. *Id.* at 5.

Under these circumstances, we discern no error in the PCRA court's finding that Appellant understood the factual basis for the plea and therefore entered a knowing, intelligent, and voluntary plea. *Cf. Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005) ("[W]hether a defendant is aware of the nature of the offenses depends on the totality of the circumstances, and a plea will not be invalidated premised solely on the plea court's failure to outline the elements of the crimes at the oral colloquy."). Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/18/2018