J. S14015/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                  v.             :
                                         :
DAJUAN SAUNDERS,             :          No. 1104 MDA 2015
                                         :
             Appellant     :

Appeal from the PCRA Order, May 26, 2015,
in the Court of Common Pleas of Lackawanna County
Criminal Division at No. CP-35-CR-0001456-2011

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED MARCH 15, 2016**

Dajuan Saunders appeals, ***pro se***, from the May 26, 2015 order

dismissing his third petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the following procedural history:

> On October 28, 2011, [appellant] pled guilty to
> one count of driving under the influence of
> alcohol,[1] and in exchange the other charge pending
> against [appellant] was nolle prossed.  These
> charges arose on November 20, 2010 when the
> police conducted a traffic stop and found that
> [appellant] was driving under the influence of
> alcohol.  Also on October 28, 2011, [appellant] was
> sentenced to one to five years.  [Appellant] served
> the court with a pro se motion for reconsideration of
> sentence which was denied on November 3, 2011.

---

* Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802.

[Appellant] was represented by David Cherundolo, Esq.

On January 5, 2012, [appellant] filed a Petition for Post Conviction Collateral Relief. Kurt Lynott, Esq. was appointed to represent [appellant]. On November 6, 2012, Mr. Lynott filed a Motion to Withdraw as Counsel Pursuant to a **Turner-Finley** Letter. On January 15, 2013, his motion was granted. Also on January 15, 2013, this court issued a Notice of Intent to Dismiss and on February 14, 2013, dismissed the petition.

On August 14, 2013, [appellant] filed his second PCRA petition. On October 29, 2013, this court issued a Notice of Intent to Dismiss and on December 12, 2013, dismissed the petition.

On February 19, 2015, [appellant] filed his third PCRA petition. On April 14, 2015, this court issued a Notice of Intent to Dismiss and on May 26, 2015, dismissed the petition.

On June 25, 2015, [appellant] filed a Notice of Appeal and a concise statement of the matters complained of on appeal. The reasons for the dismissal of [appellant's] PCRA petition can be found in this court's April 14, 2015 Memorandum and Notice of Intent to Dismiss.

Trial court opinion, 8/20/15 at 1-2.

Appellant raises the following issues for our review:

A. WHETHER THE P.C.R.A. COURT ERRED IN FINDING THAT APPELLANT'S P.C.R.A. WAS UNTIMELY FILED PURSUANT TO 42 PA. C.S.A. § [9545](b)(1)(i)?

B. WHETHER THE P.C.R.A. COURT ERRED IN FINDING THAT APPELLANT'S P.C.R.A. WAS UNTIMELY FILED PURSUANT TO 42 PA. C.S.A. § [9545](b)(1)(ii)?

C. WHETHER THE P.C.R.A COURT DENIED APPELLANT THE RIGHT TO RAISE HIS TIMELY FILED P.C.R.A[.] ON NOT HAVING A DRUG AND ALCOHOL EVALUATION BY REFUSING TO ANSWER THE PETITION AND ENTER AN ORDER PURSUANT TO PA. R. CRIM. P. 907(4)?

D. WHETHER THE PLEA COURT HAD SUBJECT MATER [SIC] JURISDICTION TO ACCEPT APPELLANT'S GUILTY PLEA?

Appellant's brief at 4.

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Allen*, 557 Pa. 135, 141, 732 A.2d 582, 586 (1999). A *prima facie* showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. *Allen*, at 142, 732 A.2d at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. *Commonwealth v. Jermyn*, 551 Pa. 96, 709 A.2d 849, 856 (1998).
>
> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration

> of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214 (1999). Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling," instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, ***i.e.***, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. ***Id.*** at 329, 737 A.2d at 222.

***Commonwealth v. Ali***, 86 A.3d 173, 176-177 (Pa. 2014), ***cert. denied***, 135 S.Ct. 707 (2014).

Here, the trial court sentenced appellant on October 28, 2011. Appellant failed to file a direct appeal to this court, and consequently, appellant's judgment of sentence became final 30 days after imposition of sentence and the time for filing a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed February 19, 2015, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the

United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Additionally, a petitioner must show, among other things, that the claims of error have not been previously litigated. 42 Pa.C.S.A. § 9543(a); *Commonwealth v. Blakeney*, 108 A.3d 739, 749 (Pa. 2014). An issue has been previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(3).

Here, appellant attempts to circumvent the PCRA time bar by complaining that the newly discovered fact and government interference exceptions apply under §§ 9545(b)(i) & (ii). Specifically, he contends that the government interfered with his receipt of the criminal complaint filed against him before his preliminary hearing and that its contents constitute new facts not known to him prior to his pleading guilty and prior to the filing of his previous PCRA petitions. He further complains that because he did not receive the criminal complaint, the trial court lacked jurisdiction over him when he entered his guilty plea. (Appellant's brief *in passim*.)

Contrary to appellant's assertions, the record reflects that appellant raised the issue that he did not receive a copy of the criminal complaint filed against him in his first PCRA petition filed on January 5, 2012. (Docket #14.) The record further reflects that the trial court addressed that claim in its Memorandum and Notice of Intent to Dismiss. (Docket #23.) The trial court then dismissed appellant's petition. (Docket #26.) Appellant failed to seek review by this court. Therefore, this claim has been previously litigated, and we will not address it further.

Appellant finally complains that his sentence is illegal because he was required to undergo a drug and alcohol evaluation before sentencing. (Appellant's brief at 7, 19-23).

Challenges to the legality of the sentence are never waived. ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa.Super 2005). This means that a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. ***Id.***

Here, although appellant asserts that his sentence is illegal because he was required to undergo a drug and alcohol evaluation before sentencing, he fails to advance any argument as to how his claim comes within any exception to the PCRA time bar. Stated differently, appellant has failed to bear his burden of pleading and proving the applicability of any exception.

Having determined that appellant's petition, his third, is manifestly untimely and that no exception to the PCRA's one-year jurisdictional time bar applies, we will affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016