J. S41027/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HASAN COLLIER, JR. | : | |
| Appellant | : | |
| | : | No. 3230 EDA 2015 |

Appeal from the PCRA Order October 8, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division No(s): CP-39-CR-0002635-2014


BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                                    **FILED JUNE 24, 2016**

Appellant, Hassan Collier, Jr., appeals from the October 8, 2015 Order denying his first Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, after a hearing. Appellant claims he was denied effective assistance of counsel by Eric K. Dowdle, his trial counsel, and that this ineffectiveness caused him to enter his guilty pleas in an unknowing and involuntary manner. After careful review, we affirm.

On November 20, 2014, Appellant pled guilty to one count each of Criminal Attempt-Criminal Homicide and Firearms Not to be Carried without a License.[1] The charges arose after Appellant admitted to shooting the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 901(a) and 18 Pa.C.S. § 6106(a)(1), respectively.

victim, David Sanchez, in the arm and chest during an argument in a laundromat. The victim identified Appellant as the shooter, following which the police took Appellant into custody. After police informed of Appellant *Miranda*[2] rights, he provided his inculpatory statement. Appellant also admitted that he had had a concealed .32 caliber handgun on his person at the laundromat, and that he had placed the handgun used to shoot the victim in the basement of his residence.

On May 30, 2014, Appellant was charged with the crimes to which he ultimately entered a guilty plea, as well as with two counts of Aggravated Assault, and one count each of Possession with Intent to Deliver Cocaine, Receiving Stolen Property, and Possession of Firearm By Minor.[3, 4]

On June 18, 2014, while represented by privately retained counsel, Eric K. Dowdle, Esq. Appellant waived his preliminary hearing.

On November 20, 2014, Appellant entered his guilty plea. The parties agreed under the terms of Appellant's plea agreement that his sentences could not exceed the standard range of the sentencing guidelines. However,

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] 18 Pa.C.S. § 2702(a)(1) and (a)(4); 35 Pa.C.S. § 780-113(a)(30); 18 Pa.C.S. § 3925(a); and 18 Pa.C.S. 6110.1(a), respectively.

[4] The Commonwealth withdrew these charges following Appellant's guilty plea to Criminal Attempt-Criminal Homicide and Firearms Not to be Carried without License.

they left it to the sentencing judge to determine whether the sentences would run concurrently or consecutively.

On January 15, 2015, the trial court sentenced Appellant to a term of eight to sixteen years' incarceration on the Criminal Attempt-Criminal Homicide charge, and two to four years' incarceration on the Firearms Not to be Carried without a License charge. The trial court ordered that the sentences run consecutively, for an aggregate sentence of ten to twenty years' incarceration. The sentences for each charge were within the standard range of the guidelines.

Appellant filed a timely Post-Sentence Motion, which the trial court denied on January 27, 2015. Appellant did not file a Motion to Withdraw Guilty Plea, or a direct appeal from his Judgment of Sentence.

Appellant timely filed a *pro se* PCRA Petition on July 14, 2015, in which he alleged that his trial counsel had been ineffective. The trial court appointed PCRA counsel, who filed an amended PCRA Petition on September 2, 2015. The trial court held a hearing on Appellant's Petition on September 16, 2015, after which the court denied the Petition.

Appellant filed a timely Notice of Appeal on October 27, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the court's finding that Appellant's trial counsel had provided effective assistance. He avers that his counsel had been ineffective because he explained Appellant's plea agreement in

"such a manner as to make [Appellant] believe he would receive a minimum sentence of no more than 78 months to 96 months." Appellant's Brief at 4, 9. Appellant also claims that his counsel was ineffective because he "talk[ed Appellant] into pleading guilty rather than considering possible defenses or preparing for trial". *Id.* at 4, 9. Appellant argues that counsel's ineffectiveness resulted in an involuntary and unknowing plea.

In order to establish eligibility for PCRA relief, a petitioner must prove by a preponderance of the evidence that the conviction resulted from "ineffective assistance of counsel, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence counsel have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

Our "standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Allen*, 732 A.2d 582, 586 (Pa. 1999). The PCRA court's findings "will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa. Super. 2008).

Counsel is presumed to be effective and the appellant must prove otherwise. *Commonwealth v. Rivers*, 786 A.2d 923, 927 (Pa. 2000).

The test for ineffectiveness of counsel is as follows:

> [T]he appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of

arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different.

*Commonwealth v. Bomar*, 826 A.2d 831, 855 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the underlying claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002). A PCRA appellant must set forth and individually discuss substantively each prong of the ineffective assistance of counsel test. *See Commonwealth v. Jones*, 876 A.2d 380, 386 (Pa. 2005); *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002) ("Claims of ineffective assistance of counsel are not self-proving. . . .").

The PCRA court's conclusion that Appellant entered his guilty plea knowingly and voluntarily is supported by the record. The court explained its decision as follows:

> Appellant testified at the September 16, 2015 PCRA hearing that Attorney Dowdle never considered taking his case to trial. He explained that Attorney Dowdle waived [A]ppellant's preliminary hearing and immediately began to negotiate a plea bargain with the Commonwealth. Appellant stated that Attorney Dowdle disregarded defenses he raised. Specifically, [A]ppellant said he told Attorney Dowdle that he was under the influence at the time he committed the crimes. Appellant also testified that Attorney Dowdle told him that he would not receive a minimum sentence that was more than seventy-eight to ninety-six months under the plea bargain.
>
> Attorney Dowdle testified at the PCRA hearing that at no time did [A]ppellant claim innocence. Appellant fully

confessed to the crimes during a videotaped custodial police interrogation. Appellant told the police the location of the gun he used to shoot the victim and the police then found the gun. Attorney Dowdle explained that he obtained discovery from the Commonwealth and reviewed it with [A]ppellant. He testified that there were no suppression issues in this case and the he fully discussed possible defenses with [A]ppellant. He informed [A]ppellant that voluntary intoxication was not a defense. Attorney Dowdle testified that taking the case to trial was never seriously discussed because a plea bargain was [A]ppellant's best chance to limit prison time. Attorney Dowdle explained the plea bargain and the sentencing guidelines to [A]ppellant before the guilty plea hearing. He reviewed the pre-sentence report with [A]ppellant before sentencing. He testified that he never told [A]ppellant he would receive a minimum sentence of no more than seventy-eight months to ninety-six months. He testified that he informed [A]ppellant of his maximum exposure under the plea bargain and explained to him that the court had the discretion to run the sentences on Count 1 and 5 either consecutively or concurrently.

As to the claim that Attorney Dowdle told [A]ppellant he would receive a minimum sentence of no more than seventy-eight months to ninety-six months, I accepted the testimony of Attorney Dowdle and I rejected the testimony of [A]ppellant. There was no credible evidence of the assurance that [A]ppellant alleged. Furthermore, [A]ppellant's claim in this regard was undercut by the record. At the guilty plea hearing, both the district attorney and the court explained to [A]ppellant the terms of the plea bargain. At one point, I stated:

> THE COURT: [T]he worst that you are facing – I want you to understand the worst. Whether you get the worst or not I don't know, but the worst that you are facing on the attempted homicide is a sentence of not less than ninety-six months to not more than twenty years. . . . On your firearms charge, the worst sentence you are facing there is twenty-four months to seven years. . . . Do you understand all of those things?

[APPELLANT]: Yes.

> I and the district attorney again explained the terms of the plea bargain at the beginning of [A]ppellant's sentencing. At no point during the sentencing did [A]ppellant state his disagreement with the plea bargain described on the record. At the close of the hearing, I asked [A]ppellant if he understood the sentence that was imposed and [A]ppellant answered in the affirmative without any indication that something was amiss.

Trial Ct. Op., 11/20/2015, at 4-6 (citations omitted).

Our review of the record, including the Notes of Testimony from the guilty plea hearing, the sentencing hearing, and the PCRA hearing, confirm the PCRA court's conclusions. The court accepted as credible Attorney Dowdle's testimony and rejected as incredible Appellant's testimony. The court believed that Attorney Dowdle discussed with Appellant the option of trial and whether Appellant had any potentially meritorious defenses to the pending charges.

The trial court aptly concluded that the record establishes that Appellant knowingly and voluntarily entered his guilty pleas. Appellant did not present the PCRA court with any evidence to overcome the presumption that Attorney Dowdle provided him with effective assistance. Therefore, Appellant's claim does not merit relief.

Order affirmed. Jurisdiction relinquished.

J.S41027/16

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016