J. S18033/18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
             :     PENNSYLVANIA
     v.      :
             :
ROBERT MICHAEL McGARRY,  :    No. 1510 WDA 2017
             :
     Appellant   :


Appeal from the PCRA Order, September 13, 2017,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0000990-1994


BEFORE: STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     FILED MAY 21, 2018

   Appellant, Robert Michael McGarry, appeals pro se from the September 13, 2017 order dismissing his third petition[1] filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

   A jury convicted appellant of burglary and criminal attempt (rape) on March 14, 1995.  The trial court sentenced appellant to 7½ to 15 years' imprisonment on April 4, 1995.  Appellant was released from prison on

---

[1] Appellant entitles his petition, "Cease and Dismiss Retroactive Application of Registration Requirements Pursuant to [Sexual Offenders Registration and Notification Act ("SORNA")]."  We shall treat his application as a PCRA petition.  See Commonwealth v. Taylor, 65 A.3d 462, 466 (Pa.Super. 2013), citing Commonwealth v. Jackson, 30 A.3d 516, 521 (Pa.Super. 2011), appeal denied, 47 A.3d 845 (Pa. 2012) (citation omitted).

September 28, 2008. Appellant was not on probation or parole at the time of his release.

Appellant filed the instant petition on August 21, 2017, and the trial court dismissed appellant's petition on September 13, 2017. Appellant filed a notice of appeal to this court on October 12, 2017. Despite not being ordered by the PCRA court to do so, appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court then filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue on appeal:

> Whether the PCRA court committed legal error by arbitrarily denying the appellant's cease and dismiss retroactive application of registration requirements pursuant to SORNA, in violation of the State and Federal Constitution(s) and Pennsylvania Supreme Court precedent?

Appellant's brief at 3 (full capitalization omitted).

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred. Commonwealth v. Allen, 732 A.2d 582, 586 (Pa. 1999). A prima facie showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. Id. at 586. Our standard of review for an order denying post-conviction relief is limited to whether

> the trial court's determination is supported by evidence of record and whether it is free of legal error. Commonwealth v. Jermyn, 709 A.2d 849, 856 (Pa. 1998).

Commonwealth v. Ali, 86 A.3d 176-177 (Pa. 2014), cert. denied, 135 S.Ct. 707 (2014).

Before we can consider appellant's claim on the merits, we must first determine whether appellant is eligible for relief under the PCRA. The PCRA limits eligibility for relief, inter alia, to petitioners "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted. 42 Pa.C.S.A. § 9543(a)(1). See also Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa.Super. 2015), appeal denied, 125 A.3d 1201 (Pa. 2015); Commonwealth v. Turner, 80 A.3d 754, 765-766 (Pa. 2013), cert. denied, 134 S.Ct. 1771 (2014); Commonwealth v. Ahlborn, 699 A.2d 718, 720 (Pa. 1997); Commonwealth v. Williams, 977 A.2d 1174, 1176 (Pa.Super. 2009), appeal denied, 990 A.2d 730 (Pa. 2010); Commonwealth v. Pagan, 864 A.2d 1231, 1234 (Pa.Super. 2004), cert. denied, 546 U.S. 909 (2005); Commonwealth v. Hayes, 596 A.2d 195, 200 (Pa.Super. 1991) (en banc), appeal denied, 602 A.2d 856 (Pa. 1992).

As noted above, appellant was released from prison on September 28, 2008, following the completion of his April 4, 1995 judgment of sentence related to his convictions of burglary and criminal attempt and appellant has

not provided any evidence that he is still on probation or parole. Accordingly, appellant is not eligible for relief under the PCRA.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/21/2018

---

[2] We note that appellant is currently incarcerated at SCI Mercer; however, appellant's current incarceration is due to unrelated convictions.