J. S18035/18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GEORGE M. DURHAM, | : | No. 1525 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 18, 2017,
in the Court of Common Pleas of Beaver County
Criminal Division at No. CP-04-CR-0001860-2007

BEFORE:  STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:            FILED MAY 21, 2018

George M. Durham ("appellant") appeals pro se from the order of the Court of Common Pleas of Beaver County that dismissed his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

On March 14, 2008, a jury found appellant guilty of first degree murder.[1]  Appellant stabbed his then girlfriend, Mary Ann Brown, 19 times. On April 23, 2008, the trial court sentenced appellant to life in prison with no

---

[1] 18 Pa.C.S.A. § 2502(a).

possibility of parole. Appellant filed a direct appeal with this court. In an unpublished memorandum filed April 21, 2010, this court affirmed the judgment of sentence. See Commonwealth v. Durham, 998 A.2d 1019 (Pa.Super. 2010) (unpublished memorandum).

On September 5, 2009, appellant filed a pro se PCRA petition. The PCRA court entered an order on October 1, 2009, stating that no action would be taken until the resolution of the direct appeal. Appellant filed a pro se PCRA petition on September 7, 2010. Counsel was appointed. Counsel filed a supplement to the PCRA petition on October 10, 2012. Following a hearing, the PCRA court dismissed the petition as meritless on January 14, 2013. On May 9, 2014, this court affirmed. Commonwealth v. Durham, 104 A.3d 43 (Pa.Super. 2014) (unpublished memorandum), appeal denied, 108 A.3d 34 (Pa. 2015).

In August 2016, appellant filed another pro se PCRA petition that he called a petition for habeas corpus relief. On September 22, 2016, the PCRA court dismissed the petition as untimely. Appellant appealed to this court, which affirmed on August 3, 2017. Commonwealth v. Durham, No. 1705 EDA 2016, unpublished memorandum (Pa.Super. filed August 3, 2017).

On October 7, 2016, appellant filed another pro se PCRA petition. On November 3, 2016, the PCRA court denied appellant's request for appointment of counsel because that PCRA petition was "untimely and

constitutes an obvious waste of judicial resources, as have all of the [appellant's] many, many pro se pleadings over the last nine (9) years." (PCRA court order, 11/3/16 at 1.)

On August 11, 2017, appellant filed the PCRA petition that is currently before this court. On September 18, 2017, the PCRA court denied appellant's petition without appointment of counsel and without benefit of a hearing as the petition was untimely. On October 10, 2017, appellant filed a notice of appeal. On October 10, 2017, the PCRA court directed appellant to file a more concise statement of matters complained of on appeal within 21 days of the date of the order. On October 31, 2017, the PCRA court filed an opinion in support of its order pursuant to Pa.R.A.P. 1925(a).[2]

Appellant raises the following issues for this court's review:

I. Did the [PCRA c]ourt abuse its discretion or commit an error of Law in holding that [a]ppellant's Post Conviction Relief Act Petition was untimely?

II. Did the [PCRA c]ourt abuse its discretion or commit an error of Law by imposing an illegal sentencing condition "without parole" upon [a]ppellant that's not within the laws of Pennsylvania Act No. 46, H.B. 1060 P.L. 213 § 4 violating [a]ppellant's Rights under the 5th, 6th, 8th, and 14th Amendments of the United States Constitution and the Pennsylvania Constitution?

III. Did the PCRA c]ourt abuse its discretion on [sic] commit an error of Law by imposing an

---

[2] Although appellant's concise statement of matters complained of on appeal is not part of the record, the trial court referred to it in its opinion.

illegal sentence, enacting the crimes code statue [sic] 18 pa. .cs. [sic] § 2502 as a sentencing [sic] without statutory authority and lacking subject matter jurisdiction where the General Assembly never gave authorization to [j]udges to charge, punish and sentence defendants under the statue [sic], violating [a]ppellant's rights under the 5th, 6th, 8th, and 14th Amendments of the United States Constitution and the Pennsylvania Constitution?

IV. Did the PCRA c]ourt abuse its discretion or commit an error of [l]aw by sentencing [a]ppellant under a First Degree Murder conviction that in the Commonwealth of Pennsylvania could only be reached legally in a [c]apital murder case violating [a]ppellant[']s [r]ights under the 5th, 6th, 8th, and 14th Amendments of the United States Constitution and the Pennsylvania Constitution?

Appellant's brief at 4.

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

A second or subsequent petition for post-conviction relief will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred. Commonwealth v. Allen, 732 A.2d 582, 586 (Pa. 1999). A prima facie showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. Id. at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal

> error. Commonwealth v. Jermyn, 709 A.2d 849, 856 (Pa. 1998).
>
> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S.[A.] § 9543(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. Commonwealth v. Fahy, 737 A.2d 214 (Pa. 1999). Accordingly, the "period for filing a PCRA petition can be extended only if the PCRA permits it to be extended, i.e., by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. Id. at 222.

Commonwealth v. Ali, 86 A.3d 173, 176-177 (Pa. 2014), cert. denied, 135 S.Ct. 707 (2014). Before addressing appellant's issues on the merits, we must first determine if we have jurisdiction to do so.

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

> The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time seeking direct review expires. See 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking

> direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. See Commonwealth v. Hall, 80 A.3d 1204, 1211 (Pa. 2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution, or unreasonable.").

Commonwealth v. Callahan, 101 A.3d 118, 122 (Pa.Super. 2014).

In the instant case, the trial court sentenced appellant on April 23, 2008. This court affirmed the judgment of sentence on April 21, 2010. See Commonwealth v. Durham, 998 A.2d 1019 (Pa.Super. 2010) (unpublished memorandum). Appellant did not appeal to the Pennsylvania Supreme Court. Appellant's judgment of sentence became final on May 21, 2010, after his opportunity to file a direct appeal expired. Appellant had one year from May 21, 2010, to file a timely PCRA petition. Appellant's current petition was filed on August 11, 2017, more than six years after a PCRA petition could be considered timely. See 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement. In order to file a petition after one year has passed from the final judgment of sentence, appellant must plead and prove one of the following exceptions:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

- 6 -

> Commonwealth or the Constitution or laws of the United States;
>
> (ii)    The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).   Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented.   Id. at § 9545(b)(2).

Appellant asserts that his petition meets the exception contained in 42 Pa.C.S.A. § 9545(b)(1)(ii) because he did not learn until July 2017 when he read in "Graterfriends Magazine"[3] that a trial court did not have the authority to impose a life sentence without possibility of parole and that also in July 2017 he received from his cellmate a document entitled "The Truth about First Degree Murder in Pennsylvania."   He also asserts that he filed this most recent PCRA petition within 60 days of learning of these facts in compliance with Section 9545(b)(2).

This court does not agree with appellant's characterization of these magazine articles as "facts."   To qualify as facts, a petitioner must establish

---

[3] Apparently, this publication is printed at the State Correctional Institution at Graterford.  It is a publication of the Pennsylvania Prison Society.

that the facts were unknown to him and that they could not have been ascertained through due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii). The fact allegedly contained in the Graterfriends publication is a column written by an inmate urging all to support a bill to abolish life imprisonment without parole. The author also opined that an act passed in 1974 does not allow judges to impose a further condition of "without parole" in a life imprisonment sentence. Without determining the accuracy of that statement, it is the act from 1974 that is the fact not the column in Graterfriends. Under this exception, the focus is on newly discovered facts not a new source for previously known facts. Commonwealth v. Marshall, 947 A.2d 714, 720 (Pa. 2008). If the statement is accurate, appellant could have ascertained the fact with the exercise of due diligence. The PCRA court did not err when it dismissed the petition as untimely.

Because appellant failed to meet any exception to the timeliness requirements, this court need not address his remaining issues.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2018

- 8 -