J. S55039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM L. BREEDEN, | : | No. 555 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 5, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009137-2007

BEFORE:  OLSON, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 23, 2018**

William L. Breeden, appeals ***pro se*** from the April 5, 2017 order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court provided the following synopsis of the procedural history of this case:

> The charges filed against [appellant] arose out of an incident that occurred on December 12, 2006, during which [appellant] and Brian Burns committed an armed robbery of Anthony DeShields and Azeem Jordan.  During the incident, Mr. Jordan was shot and killed.  Upon being arrested, [appellant] confessed to the crime.
>
> Following the imposition of sentence, [appellant] appealed to the Superior Court, which on June 25, 2010, affirmed the judgment of sentence. ***Commonwealth v. Breeden***, [4 A.3d 699 (Pa.Super. 2010) (unpublished memorandum)].

[Appellant] thereafter filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on December 10, 2010.[1]

On August 22, 2011, [appellant] timely filed a *pro se* PCRA petition following which counsel was appointed to represent him. On April 13, 2012, appointed counsel filed an amended petition. After supplying [appellant] with a Pa.R.Crim.P. 907 notice, [the PCRA court] denied [appellant] PCRA relief without a hearing on March 1, 2013. Subsequent thereto, [appellant] filed a timely notice of appeal as well as a requested Pa.R.A.P. 1925(b) notice. On January 23, 2014, the Superior Court affirmed the order denying [appellant] PCRA relief. [*Commonwealth v. Breeden*, 96 A.3d 1090 (Pa.Super. 2014 (unpublished memorandum).] Appellant thereafter filed a petition for allowance of appeal which the Pennsylvania Supreme Court denied on June 20, 2014. [*Commonwealth v. Breeden*, 94 A.3d 1007 (Pa. 2014).]

On January 5, 2016, [appellant] filed a document entitled "Concise statement in support of this matter complained on the PCRA", which [the PCRA court] treated as a second PCRA petition. In it, [appellant] appears to be arguing that his current petition should be treated as a timely *nunc pro tunc* PCRA filing because he first learned on November 10, 2015, that his second PCRA petition, which he claims he mailed to the [PCRA court] in March of 2015, had not been filed. He adds that because his most recent filing was filed within sixty days of November 10, 2015, his most recent filing was timely filed and that he should be permitted to litigate his claim that PCRA counsel provided him with ineffective assistance of counsel on his claim that trial counsel deprived him of his right to testify.[Footnote 3]

> [Footnote 3] That claim was raised by PCRA counsel and was determined to be lacking in merit by [the PCRA court], a

---

[1] *Commonwealth v. Breeden*, 13 A.3d 474 (Pa. 2010).

> decision affirmed by the Superior Court. [Appellant] currently appears to be arguing that PCRA counsel was ineffective because the argument set forth in support of the claim was erroneous.
>
> In his [petition, appellant] raises several claims of ineffectiveness and alleges that [the PCRA court] erred by not granting him hearings on those claims. He also contends that [the PCRA court] erred by not vacating the concurrent sentence of ten to twenty years imposed on the robbery bill because that charge merged with the life sentence imposed on the second-degree murder charge.
>
> On March 23, 2016, [appellant] filed an amended PCRA petition wherein he asserted that when he committed the killing he was twenty[ ]years old and had a deprived childhood. He argues that because of that and delayed development the cases of **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718 (2016), require that his life sentence without parole be vacated and that he be resentenced.[2]

PCRA court opinion, 5/1/17 at 1-3 (footnotes 1 and 2 omitted).

On March 6, 2017, the PCRA court issued a notice of intent to dismiss appellant's second PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and the PCRA court dismissed appellant's petition on April 5, 2017. On April 20, 2017, appellant filed a timely notice of appeal to this court. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

---

[2] Appellant did not raise this issue on appeal.

On May 1, 2017, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

In reviewing appellant's brief, we note that appellant failed to include a statement of questions involved pursuant to Pa.R.A.P. 2116. The issue appellant appears to raise is whether PCRA counsel provided him with effective assistance of counsel.

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Allen*, [] 141, 732 A.2d 582, 586 ([Pa. ]1999). A *prima facie* showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. [*Id.*] at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. *Commonwealth v. Jermyn*, [] 709 A.2d 849, 856 ([Pa. ]1998).
>
> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.[A.]

§ 9545(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. ***Commonwealth v. Fahy***, [] 737 A.2d 214 ([Pa. ]1999). Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling;" instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, ***i.e.,*** by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. ***Id.*** [] at 222.

***Commonwealth v. Ali***, 86 A.3d 173, 176-177 (Pa. 2014), ***cert. denied***, 135 S.Ct. 707 (2014).

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time for seeking direct review expires. ***See*** 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. ***See Commonwealth v. Hall***, [] 80 A.3d 1204, 1211 (2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution or unreasonable.").

***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa.Super. 2014).

In the case before us, this court affirmed appellant's judgment of sentence on June 25, 2010. Our supreme court denied appellant's petition for allowance of appeal on December 10, 2010. Appellant did not file a writ of ***certiorari*** with the Supreme Court of the United States. Accordingly, appellant's judgment of sentence became final on March 10, 2011. ***See*** U.S.Sup.Ct.R. 13. Appellant filed the instant petition on January 5, 2016— nearly four years after a PCRA petition could be considered facially timely. ***See*** 42 Pa.C.S.A. 9545(b)(1).

A petitioner may nevertheless overcome the one-year time-bar under the PCRA after one year has passed from the final judgment of sentence if he or she pleads and proves any of the following reasons:

> (i)    [T]he failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   [T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  [T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. *Id.* at § 9545(b)(2).

In his sole issue on appeal, appellant alleges ineffective assistance of counsel on the part of his PCRA counsel, Janis Smarro, Esq., during the litigation of his first petition filed pursuant to the PCRA.

Appellant does not plead any of the enumerated exceptions to the PCRA's time-bar. Throughout his brief, he appears to allege interference on the part of the Commonwealth pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i) in the litigation of his *habeas corpus* petition filed with the United States District Court for the Eastern District of Pennsylvania. Any alleged interference on the part of the Commonwealth in federal *habeas corpus* litigation would have no impact on any serial PCRA petitions appellant would wish to file. "There is no reason why federal *habeas* petitions and serial state collateral petitions cannot proceed simultaneously. . . . The PCRA does not require or authorize such delay; nor do [the Supreme] Court's procedural Rules." *Commonwealth v. Porter*, 35 A.3d 4, 17 (Pa. 2012).

Accordingly, appellant has not pled or proven any of the enumerated exceptions to the PCRA time-bar. Therefore, the PCRA court properly dismissed appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/23/18</u>