J. S62043/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILL ARMSTEAD, | : | No. 3623 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 10, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0403191-2004

BEFORE: LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 23, 2018**

Will Armstead appeals, ***pro se***, from the October 10, 2017 order of the Court of Common Pleas of Philadelphia County dismissing without a hearing his second ***pro se*** petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.[1]

The PCRA court provided the following procedural history:

> On June 23, 2004, [appellant] pled guilty to aggravated assault, attempted murder, and two counts of possession of an instrument of crime before the Honorable Carolyn Engel Temin. On August 18, 2004, [appellant] was sentenced to 15 to 30 years of imprisonment for the attempted murder

---

[1] On August 24, 2018, the Commonwealth filed a notice pursuant to Pennsylvania Rule of Professional Conduct 1.12(c)(2), informing both appellant and this court that Philadelphia County First Assistant District Attorney Carolyn Temin had previously participated as a trial judge in this case and "has disqualified herself and screened herself from any participation in this matter."

bill to run consecutively with five (5) to ten (10) years of imprisonment for the aggravated assault bill. [Appellant], subsequently, filed a direct appeal and on June 13, 2005, the Pennsylvania Superior Court affirmed the trial court's judgment of sentence.[Footnote 2] The Pennsylvania Supreme Court, subsequently, denied *allocatur* on December 7, 2005.[Footnote 3]

> [Footnote 2] *Commonwealth v. Armstead*, 881 A.2d 977 (Pa.Super. 2004).

> [Footnote 3] *Commonwealth v. Armstead*, 8[9]0 A.2d 1055 (Pa. 2005).

On June 26, 2006, [appellant] filed a *pro se* petition pursuant to the [PCRA.] Counsel was appointed and after an evidentiary hearing, the PCRA court dismissed the petition on May 4, 2007. The Superior Court affirmed the dismissal of the petition on June 25, 2008, followed by the Pennsylvania Supreme Court's denial of *allocatur* on October 29, 2008.[Footnote 4]

> [Footnote 4] *Commonwealth v. Armstead*, 959 A.2d 456 (Pa.Super. 2008) (unpublished memorandum), *appeal denied*, 960 A.2d 454 (Pa. 2008).

On August 10, 2015, [appellant] filed the instant *pro se* PCRA petition, styled as a writ of habeas corpus. An amended petition was filed on April 10, 2017. [The PCRA] court sent a notice of its intent to dismiss the petition as untimely without exception on July 21, 2017. [Appellant] filed a response to the [Pa.R.Crim.P.] 907 notice on August 2, 2017. The PCRA petition was formally dismissed by [the PCRA] court on October 10, 2017. [Appellant] timely filed a notice of appeal to the Pennsylvania Superior Court on October 30, 2017.

PCRA court opinion, 2/2/18 at 1-2 (footnote 5 omitted).

The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on February 2, 2018.

Appellant raises the following issues for our review:

[1.] Whether the PCRA court erred in denying appellant [sic] petition to withdraw his guilty plea[?]

[2.] [Whether the] PCRA court further violated its oath of office, substantive/procedural due process rights by ignoring/refusing to grant relief where sentence imposed of 20-40 years lacked statutory authorization[?]

Appellant's brief at 7 (full capitalization omitted).

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

A second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Allen*, 732 A.2d 582, 586 (Pa. 1999). A *prima facie* showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. *Id.* at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. *Commonwealth v. Jermyn*, 709 A.2d 849, 856 (Pa. 1998).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date

that judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9543(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). Accordingly, the "period for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. *Id.* at 222.

*Commonwealth v. Ali*, 86 A.3d 173, 176-177 (Pa. 2014), *cert. denied*, 135 S.Ct. 707 (2014). We must first determine if the PCRA court properly dismissed appellant's PCRA petition as untimely.

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time seeking direct review expires. *See* 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. *See Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa.

2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution, or unreasonable.").

*Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa.Super. 2014).

In the instant case, our supreme court denied appellant's petition for allowance of appeal on December 7, 2005. Appellant did not file a writ of *certiorari* to the Supreme Court of the United States. Accordingly, appellant's judgment of sentence became final on March 7, 2006. Appellant filed the instant petition on August 10, 2015—more than nine years after his judgment of sentence became final and more than eight years after a PCRA petition could be considered timely. *See* 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement. A petitioner may file a petition under the PCRA after one year has passed from the final judgment of sentence for any of the following reasons:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the

> United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. *Id.* at § 9545(b)(2).

In the instant appeal, appellant fails to demonstrate any of the exceptions to the PCRA time-bar. Rather, appellant appears to argue that his guilty plea was involuntary and unlawfully induced. (Appellant's brief at 12.) Therefore, we cannot consider appellant's appeal on its merits.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/18

---

[2] Even if we were to consider appellant's appeal, his claim would nonetheless not be cognizable under the PCRA, as it has been previously litigated. 42 Pa.C.S.A. § 9544(a)(2)-(3). Appellant raised an issue of the voluntariness of his guilty plea on direct appeal and in his first PCRA petition as part of an ineffective assistance of counsel claim. *See Commonwealth v. Armstead*, 881 A.2d 877 (Pa.Super. 2004) (unpublished memorandum), *appeal denied*, 890 A.2d 1055 (Pa. 2005); *Commonwealth v. Armstead*, 959 A.2d 456 (Pa.Super. 2008) (unpublished memorandum), *appeal denied*, 960 A.2d 454 (Pa. 2008).