J-S18026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY SCARLET :
:
Appellant : No. 3327 EDA 2019

Appeal from the PCRA Order Entered October 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001228-2016

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED SEPTEMBER 7, 2021**

Anthony Scarlet (Appellant) appeals from the order of October 21, 2019, entered in the Philadelphia Court of Common Pleas, dismissing his petition brought under the Post Conviction Relief Act (PCRA).[1] We affirm.

The PCRA court offers the following summary:

> On October 24, 2016, [Appellant] pled guilty to [violations] of the Uniform Firearms Act [– namely, having violated 18 Pa.C.S. §§ 6105, 6106, and 6108.] This was an open, non-negotiated plea and sentencing was deferred until January 19, 2017.
>
> Immediately following the plea, trial counsel alerted [the court] that Appellant's sister was on life support in Atlanta and [counsel] requested that [Appellant] be allowed to visit her to say a final goodbye prior to his being sentenc[ed]. Based upon the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

representations of trial counsel, [the court] ordered Appellant's bail changed to sign on bail ("SOB") in order to allow Appellant to visit his sister and "say his goodbyes." [The court] made clear that while he was likely to get a mitigated sentence, if he failed to return he would instead be sentenced closer to the aggravated range. Finally, the [court] set a court date of November 7, 2016 to readdress bail and possible house arrest pending sentencing, after [Appellant] returned from Atlanta.

While he returned to Philadelphia after going to Atlanta to be with his sister prior to her passing, [Appellant] was arrested again on November 5, 2016 [in Philadelphia] and charged with [selling marijuana (PWID)]. The January 19, 2017 court date was continued until January 23, 2017 in order to consolidate the case *sub judice* with the November 5, 2016 arrest. On January 23, 2017, Appellant pled guilty to marijuana PWID based upon the November 5, 2016 arrest and received a sentence of 3 years of reporting probation [at CP-51-CR-0011406-2016]. Appellant was also sentenced on the [VUFA] case pursuant to the October 24th plea, which is the basis of this petition. Appellant was sentenced as follows: Count 1, [section] 6105 possession of a firearm by a person prohibited (F2), Appellant received a sentence of [5-10 years] of state incarceration; Count 2, 6106 firearms not to be carried without a license (F2), Appellant received a sentence of [2 ½ to 5 years] of state incarceration; and on Count 4, [section 6108] carrying a firearm in public in Philadelphia (M1), Appellant received a sentence of [1-2 years of state incarceration, for an aggregate sentence of 5-10 years]. Appellant did not file post-sentence motions and no notice of appeal was filed.

On March 23, 2018, Appellant filed a [*pro se* PCRA petition[2]] seeking relief based upon various claims that counsel was ineffective. On February 16, 2018, PCRA Counsel filed an Amended Petition seeking relief on [four ineffectiveness claims]. PCRA Counsel alleged that [plea] counsel was ineffective for: (1) failing to file a suppression motion rendering the plea not knowing, voluntary, and intelligent; (2) promising a sentence of four to eight years of state incarceration; (3) failing to file a motion for reconsideration and (4) failing to file a Notice of Appeal. On July 22, 2019, an evidentiary hearing took place. PCRA Counsel

_____

[2] Appellant's *pro se* petition was actually received by the court on September 29, 2017.

indicated he had only recently received the notes of testimony from the sentencing and first learned about the new arrest which occurred between the plea and the sentencing. As a result, Appellant was only moving on the grounds that counsel [was] ineffective for failing to [seek suppression]. On September 10, 2019, a notice of [the PCRA court's] intention to dismiss [Appellant's petition] was sent, pursuant to [Pa.R.Crim.P.] 907. On October 21, 2019, Appellant's PCRA Petition was formally dismissed. Appellant filed a timely Notice of Appeal on November 8, 2019. On March 2, 2020, [ ] Appellant filed a concise statement pursuant to [Pa.R.A.P.] 1925(b), where he raises the following questions presented:

> 1) Whether [plea counsel] rendered ineffective assistance of counsel by failing to litigate a motion to suppress the evidence that was seized from Appellant's motor vehicle when there was no reasonable suspicion for the police to make that traffic stop and where the search . . . went beyond what the constitution allows and was therefore unconstitutional by the very nature of the search.
>
> 2) Whether [plea counsel was ineffective for] promising Appellant [4-8 years] of incarceration when he ended up receiving [5-10 years] instead.
>
> 3) Whether [plea counsel was ineffective for] failing to file a Motion for Reconsideration or Reduction of the January 23, 2017 sentence.
>
> 4) Whether [plea counsel was ineffective for] failing to file a Notice of Appeal from the judgment of sentence on January 23, 2017.

PCRA Ct. Op., 1/15/21, at 1-4 (citations and footnotes omitted).

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

All PCRA petitions, "shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1). We note that Appellant filed his petition within 2017, the year in which he was sentenced, and therefore the petition is timely.

Ineffectiveness in connection with the entry of a guilty plea may be a basis for relief "only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 732 A.2d 582 (Pa. 1999); *Commonwealth v. Robinson*, 185 A.3d 1055, 1063 (Pa. Super. 2018). As in any case alleging ineffective assistance, "counsel is presumed to [have been] effective" and a petitioner must bear "the burden of proving otherwise." *Commonwealth v. Harris*, 972 A.2d 1196, 1203 (Pa. Super. 2009) (citations omitted). Petitioners raising ineffectiveness claims "must establish that the underlying claim is of arguable merit, counsel's course of action lacked any reasonable basis for advancing [their] client's interest, and [the petitioner] has suffered prejudice as a result." *Commonwealth v. Prince*, 719 A.2d 1086, 1089 (Pa. Super. 1998) (citations omitted). Failure to carry the petitioner's burden as to any prong of this test results in failure of the entire claim. *Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa. Super. 2013).

The PCRA court noted its impression that it "was informed by PCRA [c]ounsel that further investigation rendered the sentencing issues moot and [there was never] any evidence presented that Appellant requested trial counsel to file a direct appeal" and therefore "it is [the PCRA court's

- 4 -

understanding that [Appellant] does not seek review on these issues." PCRA Ct. Op. at 5, n.2. Nevertheless, both the sentencing and appeal issues were reiterated on Appellant's Statement per Pa.R.A.P. 1925(b) and appear in Appellant's Brief; *see* Appellant's Brief at 3-4.

We first dispose of Appellant's claim that he was promised a certain sentence as an incitement to enter an open plea, and did not receive the sentence as promised. This Court generally views such claims with some deserved skepticism, as this is an unusual act for a defense attorney to commit. However, in this case, whatever view counsel and the court might have had at the time of Appellant's plea was materially altered by the fact that he asked the court's leave to go to Atlanta to be with his family as they said goodbye to his dying sister; then **he was arrested again**. At Appellant's sentencing, the court reminded him that he had been explicitly warned that he had no leeway for such antics when his request to go to Atlanta was granted. N.T. Sentencing, 1/23/17, at 19. So even if he had been "promised" a certain sentence prior to his misbehavior, he could have no remotely reasonable expectation that his own subsequent poor choices would not be taken into account at sentencing. The logical flaw in this argument is apparent on the face of the argument itself, and it renders the claim patently meritless.

Appellant claims that plea counsel was ineffective for failing to move for suppression, as in his view the traffic stop was unconstitutional. Appellant's Brief at 7-11. He argues that such a motion "would have had substance to it and would have given him reason to argue to the trier of fact that the police

who stopped the motor vehicle being driven by the Appellant did so without reasonable suspicion or probable cause." *Id.* at 9.

The Commonwealth asserts there was no basis for filing such a motion, as "[u]nder the facts [Appellant] formally admitted when he [entered his plea], the police stopped him because he ran two stop signs." Commonwealth's Brief at 5. Because the record on appeal contains no support for Appellant's claim to the contrary, we cannot grant relief on this claim.

Next, Appellant argues that plea counsel should have filed a motion for reconsideration of sentence, but his argument is predicated upon the notion that counsel's failure to seek suppression rendered the plea unknowing or involuntary. Appellant's Brief at 11-12. Because we have concluded that there is no support in the record for suppression, this argument must fail.

Appellant next argues that plea counsel was ineffective for failing to file a direct appeal on his behalf. Appellant's Brief at 12. Although Appellant claims he requested that an appeal be filed, there is no citation to any support for this assertion. "[A]ppellant's failure to forward relevant argumentation as to each necessary [element of the ineffectiveness] standard dooms his boilerplate claims to failure." *Commonwealth v. Lambert*, 797 A.2d 232, 243 (Pa. 2001) (citations omitted). This argument is underdeveloped and devoid of support, and therefore cannot warrant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2021