J-S05033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEMETRIUS FEMI | : | |
| | : | |
| Appellant | : | No. 1632 EDA 2024 |

Appeal from the PCRA Order Entered May 9, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005626-2019

BEFORE: BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 7, 2025**

Appellant Demetrius Femi appeals the order of the Court of Common Pleas of Philadelphia County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] Appellant argues that the PCRA court erred in dismissing his claim that his trial counsel was ineffective in advising him to enter a guilty plea to criminal conspiracy when that charge lacked a sufficient factual basis. We affirm.

On June 7, 2018, Philadelphia police officers proceeded to an apartment located at 1831 South 58th Street after being dispatched there as the result of a hospital call. Notes of Testimony (N.T.), 5/25/21, at 10-11. Upon their arrival, the officers discovered that Zahir Lyons ("the victim"), a paraplegic male confined to a wheelchair, had sustained two gunshots to the head. The

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

victim was pronounced dead at the scene. N.T. at 11. Dr. Lindsay Simon of the Philadelphia Medical Examiner's Officer performed an autopsy and determined that the victim's immediate cause of death was the gunshot wounds to the head, the manner of his death was homicide, and the victim was likely deceased for at least twenty-four hours before being discovered by police. N.T. at 11.

During their investigation of this matter, law enforcement was contacted by the victim's mother, who reported that the victim's debit cards and Social Security cards were being used by unknown individuals at certain locations. N.T. at 11. Detectives recovered surveillance video recording three or four individuals using the victim's cards to obtain cash from ATMs or to make purchases. N.T. at 11-12. Appellant was identified as one of the individuals present although he was not recorded using the cards himself.

Officers served an arrest warrant on Appellant for conspiring to use the victim's debit cards and/or Social Security Cards. Thereafter, when giving a statement to detectives, Appellant admitted that he had been the individual who shot the victim. N.T. at 13.

On June 20, 2019, Appellant was charged with criminal homicide and multiple other offenses relating to the victim's death. On May 25, 2021, Appellant entered a guilty plea to third-degree murder, conspiracy to commit murder, carrying a firearm in Philadelphia, and possession of an instrument of crime. At his guilty plea hearing, the prosecution gave the trial court the

aforementioned factual background as well as the following statement in setting forth the basis of Appellant's plea:

> A statement was taken from [Appellant] by Detective Shawn Leahy and [Appellant] admitted to detectives that he lived at the location of 1831 South 58th Street. It was a rooming house. The victim, Zahir Lyons, lived there also, and that on the day of the incident, there was an argument between [the victim] and [Appellant] and [the victim's] brother was also present. He said that [the victim's] brother waved a gun at [Appellant] and his girlfriend and told him that they had to leave and that they were being evicted from the rooming house.
>
> [Appellant] then left with his girlfriend. He was telling the incident to a friend of his by the name of Kareem. No further information given. His friend, Kareem, told [Appellant] that he had to go back and take care of what happened and that he couldn't let that go. [Appellant] took a revolver from his friend, Kareem. He went to the rooming house and went up to [the victim's] room and shot him twice in the head and ran and gave the gun back to Kareem. He stated that – he further stated that he did not have any knowledge that [] somebody was using [the victim's] debit or credit cards.

N.T. at 12-13.

Defense counsel indicated that Appellant wished to supplement the record with additional information to establish the factual basis for his plea.

> Judge, [the prosecutor] and I are in agreement that the facts should be supplemented based on some of the statements that were provided in addition to [Appellant's] statement that was audio and video recorded.
>
> In sum, at the time that [the victim] and his brother evicted my client and his girlfriend, who was pregnant, their two children were present in the room at the time of the fight when the gun was produced by [the victim's] brother. One of those was a newborn and the other one, his son, was two years old.
>
> In addition, … my client indicated in the statement that, you know, after they had agreed to leave and pack up all their belongings, he indicated that, quote, "Everybody was trying to get

me to do something to this man and I'm always like, 'No, no, no. He got peoples, he got peoples,'" and he continued to tell them, "No, I'm not touching that man, I just kept saying 'I'm not touching him,'" and he thought that [the victim] was a reasonable person that he could talk to and Kareem kept telling him, "You should go around there and shoot him," and all that. [Appellant] kept saying, "No, I'm not doing that." His children's mother looked at Kareem like he was crazy and eventually he kept saying, "Walk over to the house. Let's walk over to the house," and ultimately, my client agreed to walk with Kareem back over to [the victim's] residence.

N.T. at 14-15.

Appellant then indicated on the record that he agreed that the factual basis for his plea had been set forth with those additions. N.T. at 15. The trial court accepted Appellant's open plea and deferred sentencing for the preparation of a pre-sentence investigation.

On February 14, 2022, the trial court sentenced Appellant to twenty to forty years' imprisonment for the third-degree murder charge, a consecutive term of ten to twenty years' imprisonment for the conspiracy charge, along with consecutive five-year terms of probation for each of the remaining charges. Thus, Appellant received an aggregate sentence of thirty to sixty years' imprisonment to be followed by ten years of probation. On February 23, 2022, Appellant filed a timely post-sentence motion, which the trial court subsequently denied. On appeal, this Court affirmed the judgment of sentence. *See Commonwealth v. Femi*, 752 EDA 2022 (Pa.Super. May 8, 2023) (unpublished memorandum).

On July 19, 2022, Appellant filed a PCRA petition during the pendency of his direct appeal. On May 18, 2023, Appellant filed a new PCRA petition.

The PCRA court appointed Appellant counsel, who file an amended petition on Appellant's behalf. On April 11, 2024, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On May 9, 2024, the PCRA court entered an order dismissing the petition. This timely appeal followed.

Appellant raises one issue for our review on appeal:

Whether the PCRA court erred when it dismissed Appellant Demetrius Femi's amended PCRA petition, as trial counsel was ineffective for advising Appellant [] to plead guilty to the criminal offense of criminal conspiracy (criminal objective - murder), pursuant to an open (non-negotiated) guilty plea agreement, as neither the facts placed on the record by the assistant district attorney nor trial counsel, form a sufficient factual basis for this criminal offense?

Appellant's Brief, at 4.

We address the propriety of the PCRA court's denial order as follows:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Miranda***, 317 A.3d 1070, 1075 (Pa.Super. 2024) (quoting ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019)).

In reviewing Appellant's ineffectiveness challenge, we are guided by the following principles:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000).... Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. *See Pierce*, *supra*; *Commonwealth v. Holloway*, 559 Pa. 258, 739 A.2d 1039, 1044 (1999).

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa.Super. 2018) (quoting *Commonwealth v. Natividad*, 938 A.2d 310, 321 (Pa. 2007)).

Our courts have recognized that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa.Super. 2023). "Allegations of ineffectiveness in connection with the entry of a … plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Kehr*, 180 A.3d 754, 760 (Pa.Super. 2018) (quoting *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999)).

In order to ensure that a defendant enters a knowing, voluntary, and intelligent plea, there are six topics that must be covered by a valid plea colloquy: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing

ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Jabbie*, 200 A.3d 500 (Pa.Super. 2018) (citation omitted); *see* Pa.R.Crim.P. 590, cmt.

Specifically, Appellant argues that trial counsel was ineffective in advising him to plead guilty to conspiracy to commit murder when there was no factual basis in the record to support that charge. We disagree.

Pennsylvania defines criminal conspiracy as follows:

**§ 903. Criminal conspiracy**

(a) Definition of conspiracy.-- A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

In other words, our courts have established that a criminal conspiracy conviction requires proof of:

(1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy. Because it is difficult to prove an explicit or formal agreement to commit an unlawful act, such an act may be proved inferentially by circumstantial evidence, *i.e.,* the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators.

*Commonwealth v. Galindes*, 786 A.2d 1004, 1010 (Pa.Super. 2001) (quoting *Commonwealth v. Spotz*, 562 Pa. 498, 756 A.2d

- 7 -

1139, 1162 (2000)). Circumstantial evidence can include, but is not limited to, the relationship between the parties, the knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. **Commonwealth v. French**, 396 Pa.Super. 436, 578 A.2d 1292, 1294 (1990). "These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail." *Id.*

**Commonwealth v. Thoeun Tha**, 64 A.3d 704, 710 (Pa.Super. 2013).

As previously discussed, Appellant gave a statement to police indicating that on the day of the victim's death, he had a verbal altercation with the victim and his brother, who had just evicted Appellant and his girlfriend from the rooming house where they had resided. Appellant indicated that he was upset that the victim's brother had brandished a firearm during the altercation in front of Appellant, his girlfriend, and their two children.

Thereafter, Appellant told his friend, Kareem, what had transpired in the victim's room. Appellant admitted that Kareem encouraged Appellant to seek vengeance and "take care of what happened." Appellant told police that Kareem gave him a firearm and repeatedly encouraged him to shoot the victim. After Appellant agreed to follow through with Kareem's plan and accompanied him to the victim's residence where he fatally wounded the victim, Appellant gave the firearm back to Kareem.

Appellant limits his argument to claim that the Commonwealth failed to show that Appellant had any agreement with Kareem to murder the victim. Appellant asserts that "Kareem merely provided [Appellant] with the revolver and encouraged him to shoot [the victim. Kareem] was not there during the

incident in question and did not participate in the actual murder." Appellant's Brief, at 33.

While Appellant argues that the prosecution failed to show a formal agreement to murder the victim, this is not the standard that is required. The Commonwealth presented ample evidence to show a shared criminal purpose between Appellant and Kareem, who both acted with the intent to shoot the victim. Kareem had full knowledge of criminal behavior that he incited and participated in the criminal act by providing Appellant with the murder weapon and accompanying him to the victim's apartment. Appellant took the firearm from Kareem and executed the plan that the two men had devised to shoot the victim in response to the earlier altercation. The fact that there is no evidence that Kareem was present for the actual shooting is irrelevant as all of the elements of the crime of conspiracy have been met.

As such, the record shows that that there was a sufficient factual basis for Appellant's guilty plea to criminal conspiracy as recited by the prosecutor and Appellant's own counsel. Further, Appellant clearly testified at his plea hearing that he agreed to factual basis for his plea and understood the elements of the crimes to which he was pleading guilty.

Therefore, Appellant's ineffectiveness claim must necessarily fail as "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Davis*, 326 A.3d 988, 993 (Pa.Super. 2024) (quoting *Commonwealth v. Spotz*, 587 Pa. 1, 896 A.2d 1191, 1210 (2006)).

For the foregoing reasons, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/07/2025